## CLARK and Others *v.* DUNLAP.

When a case is brought to the Circuit Court by a writ of *certiorari*, the
Court should reverse the judgment of the justice if erroneous, but retain
the cause for a new trial as in cases of appeal

It is not essential, in actions commenced before a justice by or against a
firm, that the statement of the demand or cause of action should set out
the names of the persons composing the firm, though it is necessary that
such actions should be brought by or against the persons composing an
unincorporated company in their individual names.

May Term, 1851.

CLARK
v.
DUNLAP.

Friday,
May 30.

APPEAL from the *Jasper* Circuit Court.

SMITH, J.—Debt, commenced before a justice of the peace on a note made by *Dunlap* for the payment of 68 dollars and 17 cents, one day after the date, to " *Clark, Stanley, and Co.*," or order. The note itself was filed as the cause of action. The summons issued in the case required *Dunlap* to appear and answer *Mervin Clark, Amzi Stanley,* and *Henry W. Clark,* in a plea of debt, and a judgment was rendered in favor of those persons.

Before entering into the trial the defendant moved the justice to dismiss the cause, because there was no declaration or cause of action showing that the plaintiffs were the persons composing the firm of " *Clark, Stanley, and Co.*," the payees of the note, which motion was overruled.

*Dunlap* afterwards procured a writ of *certiorari* to have the proceedings certified to the Circuit Court, and there renewed his motion to have the cause dismissed. The Circuit Court set aside the judgment of the justice as erroneous and dismissed the suit.

Under the statute relative to this writ of *certiorari*, when a case is brought to a Circuit Court by that writ, the Court should reverse the judgment of the justice if erroneous, but retain the cause for a new trial as in cases of appeal. R. S. p. 895. In this case, however, we think it does not appear there was any error in the judgment of the justice. If the plaintiffs composed the firm to whom the note filed as the cause of action was made payable, the suit was properly brought in their names, and it is to be presumed, the record not showing the contrary, that it was proved at the trial they were the persons described in the note by their firm name.

It is not essential in actions commenced before a justice of the peace by or against a firm, that the statement of the demand or cause of action should set out the names of the persons composing the firm; though it is necessary that such actions should be brought by or against the persons composing an unincorporated company in their individual names. In such a case as the

present, without proof that the plaintiffs were the persons composing the firm described in the cause of action, they would, of course, fail in the trial under the general issue, but their individual names not being set out in the cause of action, was not a sufficient reason for dismissing the suit on motion.

*Per Curiam.*—The judgment is reversed. Cause remanded, with directions to the Circuit Court to affirm the judgment of the justice, or render a judgment for the plaintiff in accordance with the provisions of the R. S., c. 47, s. 197.

*D. D. Pratt*, for the appellants.