## WIDUP *v.* GIBSON ET AL.

JUSTICE OF THE PEACE. — *Pleading.* — *Names of Parties.* — *Signing Complaint.*—The Supreme Court will not reverse a judgment in a suit commenced before a justice of the peace, for the overruling of a demurrer to the complaint, because it does not contain the full names of the parties and is not signed by the plaintiff or his counsel.

SAME.—*Costs on Appeal.*—Where, on appeal from a judgment of a justice of the peace to the circuit court by the judgment-defendant, the judgment was against the same party, and that before the justice was not reduced five dollars, but if the interest accrued between the trials, which was included in the judgment, were deducted, the judgment of the justice would have been reduced more than five dollars;

*Held,* that the costs in the circuit court should follow the judgment.

From the Kosciusko Circuit Court.

*C. Clemans* and *J. A. Clemans,* for appellant.

*J. H. Taylor* and *L. W. Royse,* for appellees.

PERKINS, J.—Suit, commenced before a justice of the peace, upon an account, a bill of particulars of which was filed as a complaint. Judgment before the justice against the defendant for one hundred and twenty-five dollars and twenty-three cents, and appeal by the defendant to the circuit court. Judgment in that court against the the defendant, for one hundred and twenty-eight dollars and ninety-seven cents and costs.

The first objection to the proceedings in the circuit court is, that the court overruled a demurrer to the complaint. The objections to it were:

1. That the complaint did not contain the full names of the parties, plaintiff and defendant.

2. That it was not signed by the plaintiff or his counsel.

In suits before a justice of the peace, if the full names of the parties appear in the writ and in the title of the cause, they need not appear in the complaint. *Clark* v. *Dunlap,* 2 Ind. 551.

" The failure to subscribe the complaint is such a merely formal or clerical error as the plaintiff should have been permitted to amend, when pointed out in the court below, and will be considered as amended here." *Harris* v. *Osenback,* 13 Ind. 445. See *Fankboner* v. *Fankboner,* 20 Ind. 62.

We cannot disturb the judgment upon the evidence.

There was a direct conflict in the evidence touching some of the items of the account rendered. It was for the court below to determine the credibility of the witnesses.

Another ground of objection to the judgment below is, that the court erred in refusing to tax the costs in the circuit court against the plaintiff.

The judgment before the justice, as we have seen, was one hundred and twenty-five dollars and twenty-three cents, and the judgment on appeal was one hundred and twenty-eight dollars and ninety-seven cents; so that the judgment was not reduced five dollars, or any amount, but was' increased on appeal. The increase was produced in this wise: The judgment before the justice was rendered June 17th, 1873. The trial in the circuit court was on the 23d of October, 1874, a year and four months after the trial before the justice; and the interest for that period being included in the judgment in the circuit court—about ten dollars—increased it about three dollars and a half over that of the justice; but the judgment of the justice, on the facts of the case, was found to be five dollars or more too large. But the judgment in the circuit court was not reduced, and we think we should not look beyond the judgment itself, in determining this question of costs. 2 Rev. Stat. 1876, p. 627.

The judgment is affirmed, with costs.