AUDLEUR v. KUFFEL ET AL.

No. 7688.

JUSTICE OF THE PEACE.—*Pleading.*—*Parties.*—A promissory note payable to the firm name of a partnership is a sufficient complaint, in a suit upon such note against the makers, before a justice of .the peace.

PROMISSORY NOTE.—*Pleading.*—*Practice.*— *Waiver.*—Where, in a suit upon a promissory note, the maker files a general denial under oath, but afterward, when the note is produced at the trial, admits its execution, such admission is a waiver. of defendant's right to other and more formal proof of the execution thereof.

SAME.—*Account.*— *Waiver.*—Where, upon settlement of an open account between them, a, promissory note is executed by A. to B. for the amount of an agreed balance owing by A. to B., the execution of the note will be regarded as a waiver by the maker of all objections to the mere manner in which the items of account had become chargeable to him.

INSTRUCTIONS TO JURY.—*Practice.*—*Presumption.*—All the presumptions will be indulged in favor of the correctness of the proceedings of the trial court; and, where the record is silent on the subject, the Supreme Court will presume that the court below instructed the jury according to law.

SAME.—Where a court refuses to give an instruction asked for by counsel, and such refusal is assigned for error in this court, and the record does not show whether or not any instructions were given by the court to the jury, the Supreme Court can not say whether such refusal was erroneous or not.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.

*L. H. Haymond* and —— *Royse*, for appellees.

NIBLACK, C. J.—This suit was commenced before a justice of the peace, in the names of David Kuffel and Levi Snyder as plaintiffs, and against Blois F. Audleur as defendant. The only complaint filed was a promissory note, as follows:

"$63.08. October 9th, 1876.

"Sixty days after date, I promise to pay to the order of Kuffel & Snyder, sixty-three $\frac{08}{100}$ dollars, value received, with ten per cent. interest per annum from date.

"B. F. AUDLEUR."

The cause came by appeal to the court below, where the defendant answered in general denial, verified by his oath. A jury to which the cause was submitted for trial returned a verdict for the plaintiffs for $62.54. A motion for a new trial being first interposed and overruled, the defendant moved the court in arrest of judgment, for want of a sufficient complaint, but that motion was also overruled. Judgment was then rendered against the defendant upon the verdict. Error is assigned upon the overruling of the

respective motions for a new trial and in arrest of judgment.

The first question in its natural order is that of the sufficiency of the complaint. It is objected that the note of itself did not constitute a good complaint, because it did not on its face purport to be payable to the plaintiffs. Iglehart in his treatise on justices of the peace says : " It may be stated, as a general rule, that whenever the right of action in the plaintiff, and the liability of the defendant, may fairly be gathered or inferred from the written contract sued on, it will be a sufficient cause of action without any other written statement. And this rule will embrace not only notes, bills of exchange, and written engagements to pay money, but also engagements to perform services or deliver property.   *   *   *   * And even where the agreement is made to or by a firm in the partnership name, it is a good cause of action for or against the members of the firm, though their names be not disclosed in the same ; but they," the names, " should appear, as we have seen in the process." Iglehart's Treatise, p. 49.

The rule thus laid down has been recognized by this court in the case of *Clark* v. *Dunlap*, 2 Ind. 551, and is one which we think may be safely followed. Applying this rule to the complaint in this case, we see no error in the refusal of the court to arrest the judgment.

It is further objected that the court erred at the trial in permitting the note to be read in evidence without proof of its execution ; but the record shows that the defendant admitted the execution of the note when it was produced at the trial. That admission dispensed with the necessity of any other or more formal proof of the execution of the note.

At the trial the defendant insisted that some of the goods, for a balance of which the note in suit had been given, were sold to members of his family in violation of

orders given by him as to the manner in which such goods should only be sold to them, that is, that all goods to be charged to him should be entered in a pass-book which had been furnished him by the plaintiffs, and some proposed evidence tending to corroborate his testimony in regard to such orders was excluded by the court.

We see nothing in the exclusion of the proposed evidence which could have worked any injury to the defendant. In the first place, the plaintiffs in effect admitted at the trial that the defendant's express directions as to the entry of all goods on the pass-book had been disregarded in the sale of some portions of the goods charged to him. In the next place, it was shown by the evidence that there had been a settlement of mutual accounts between the parties; that the disputed items had been included in the account of the plaintiffs at the time of the settlement, and that the note had been given by the defendant for the alleged balance found to be due to the plaintiffs at such settlement. Under these circumstances, the execution of the note was a manifest waiver by the defendant of all objections to the mere manner in which any of the goods had become chargeable against him.

At the proper time, the defendant asked the court to instruct the jury, that if they were satisfied from a fair preponderance of the evidence, that, by the mistake of the plaintiffs and the defendant, the note was executed for an amount in excess of that which was really due the plaintiffs, they would be authorized to find for the plaintiffs only the true amount due them, without reference to the sum specified in the note; but the court refused to so instruct the jury, and that refusal is complained of here. The record is silent as to whether any instructions were given to the jury. The code, however, provides that, "When the argument of the cause is concluded, the court shall give general instructions to the jury;" and, in the ab-

sence of any thing showing the contrary, we must assume that the court did its duty in that respect. 2 R. S. 1876, p. 167, sec. 324.

All the presumptions must be indulged in favor of the correctness of the proceedings below, and, as the record fails to disclose any thing on the subject, we must further assume that the court, on its own motion, instructed the jury generally as to all the material matters involved in the trial. It may have been that the court refused to give the instruction prayed for because the jury had already been fully and sufficiently instructed, and if so no error was committed by the refusal, however pertinent the instruction may have been to the defence set up by the defendant. Enough is not affirmatively shown, therefore, to enable us to say that the court erred in refusing the instruction asked for, conceding it to have been correct as an abstract proposition, and that it was applicable to the evidence before the jury, questions concerning which we have not thought it necessary to inquire. *Myers* v. *Murphy,* 60 Ind. 282; *Stott* v. *Smith,* 70 Ind. 298; *Bowen* v. *Pollard, ante,* p. 177.

The judgment is affirmed, with costs.