Puett *et al. v.* Beard.

---

No. 10,209.

## Puett et al. *v.* Beard.

Pleading.—*Defects Cured by Verdict.*—Where a complaint is defective, but.
contains such facts as will enable the court to remedy the defect by rea-
sonable intendment, it will be held good after verdict.

Evidence.—*Assault and Battery.—Res Gestæ.—Declarations.—Admissions.*—
The declarations of a plaintiff while lying on the floor where he had
been thrown by the defendants, who were present and still pursuing their
attack upon him, constitute part of the *res gestæ*, and, in a suit for the
assault and battery, are admissible for the plaintiff.   It was also com-
petent as evidence of an admission by the defendants of the facts de-
clared, if they remained silent.

SAME.—*Conversation.*—When part of a conversation between parties is properly in evidence, the whole, together with the attending circumstances, including the remarks of others then made, are admissible, to enable the jury to interpret any admissions made on the occasion.

SAME.—During a trial before a justice of the peace, one who was testifying as a witness left the stand to engage, with others, in violence against J. B.  This breach of the peace put an end to the trial.  The witness then resumed his place and said to an attorney : "We are ready to go on with the trial."  To which the attorney answered : "You and your crowd have nearly killed J. B., and we can not go on with the trial.  You have disabled him so that we can't try the case now."  To which no response was made.

*Held*, that this was proper evidence in a suit for the injury by J. B. against his assailants.

INSTRUCTIONS.—*Practice.—Error.*—The refusal to give instructions can present no question in the Supreme Court, unless the record shows affirmatively that they were asked in apt time, and that they were not embraced in other instructions actually given, which must appear by setting out all of the latter.

From the Montgomery Circuit Court.

*W. H. Thompson* and *J. M. Thompson,* for appellants.

*A. D. Thomas, J. W. Shelton* and *J. R. Courtney,* for appellee.

ELLIOTT, J.— The sufficiency of the complaint was not questioned in the trial court, but is here assailed by the assignment of errors.

There are many defects in a pleading which a verdict will cure, and that which the appellants suppose to exist in the appellee's complaint belongs to the class which a verdict cures. The defect supposed to exist is that the appellants' connection with the wrong constituting the cause of action is not properly averred.  It may, perhaps, be true that there is some obscurity and confusion upon this point, but, however this may be, there are such facts stated as will enable the court, by reasonable and fair intendment, to remedy the supposed imperfection, and, when this can be done, the verdict so aids the pleading as to make it the duty of the court to uphold it. *Parker* v. *Clayton,* 72 Ind. 307 ; *Indianapolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294.

The appellee was permitted to prove declarations made by himself, in the presence of the appellants, while lying upon the floor where he had been thrown by their unlawful violence, and while he was still calling for assistance against their continuance of the illegal assault and battery committed upon him. The testimony was competent. It was competent as forming a part of the *res gestœ*, because no perceptible interval of time had elapsed between the assault of the appellants and the declarations of the appellee. It may, indeed, be fairly inferred that the former were still threatening the latter, and were still pursuing their unlawful purpose, although not then engaged in actually beating their adversary.

The evidence was competent upon another ground. It was an accusation against the appellants, and in their presence, and, if they had simply remained silent, the testimony would have been competent as evidence of an admission of the truth of the undenied accusation.

It is a familiar rule that where a part of a conversation relative to the subject under judicial investigation is admissible, all that forms part of that conversation, together with the circumstances surrounding the persons engaged in it, are competent to go to the jury, for the purpose of enabling them to assign the proper and just effect to the admissions made in the course of the conversation. The cries of the injured man brought men to his assistance. He made declarations which drew remarks from those who were drawn to the spot by his cries, and to these remarks the appellants made answers which were material admissions, and the transaction thus became so blended and interwoven as to constitute an indivisible unity.

The assault and battery, for which the action was brought, was committed at a trial before a justice of the peace, and after the combat had ended, and one of Beard's assailants had again taken his place on the witness stand, which he had left to engage in the attack on Beard, he said to the latter's attorney: "We are ready to go on with the trial." To which

the attorney answered: "You and your crowd have nearly killed Jacob Beard, and we can not go on with the trial. You have disabled him so that we can't try the case now." No response was made to the attorney's remark. There was no error in admitting this testimony, because the failure of the appellant to deny the accusation was a tacit admission, and proper to go to the jury, with the other evidence in the case. It is fully shown that the appellants were at liberty to answer the accusation, for their own violence had ended the · proceedings before the justice, and there was nothing to prevent them from making an answer to the charge. *Pierce* v. *Goldsberry*, 35 Ind. 317.

Complaint is made by the appellants of the refusal to give an instruction asked by them. Counsel for appellee stoutly maintain that the complaint is unavailing, for the reason that the record does not show when the instruction was asked, and contend that, for aught that appears, it was not asked at the proper time. The record sustains the claim that it does not appear that the instruction was asked at a proper time, and the law supports the contention that, unless it does affirmatively appear that the request was made in due season, the ruling can not be successfully assigned for error. This we say, because one complaining of a ruling must, in order to secure a reversal, affirmatively show that he placed himself in an attitude to rightfully ask that which the court refused him. If this is not done the presumption of regularity, which always attends the proceedings of the trial court in the absence of a contrary showing, will require the appellate court to assume that the party did not do that which the law required him to do, in order to entitle him to the ruling asked. It is a long settled rule that instructions must be asked before the argument begins, or the court may rightfully refuse them. R. S. 1881, sec. 533; *Malady* v. *McEnary*, 30 Ind. 273; *Ollam* v. *Shaw*, 27 Ind. 388; *Chance* v. *Indianapolis, etc., Co.*, 32 Ind. 472; 1 Works' Pr. 509; Buskirk's Pr. 344, 345.

It is also contended by appellee that, as the record does

not affirmatively show that all of the instructions are in the record, it must be presumed that the instruction refused, if a correct one, was embodied in some other instruction, given either verbally or in writing. The cases sustain this view. *Audleur* v. *Kuffel*, 71 Ind. 543; *Bowen* v. *Pollard*, 71 Ind. 177; *Myers* v. *Murphy*, 60 Ind. 282; *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110.

Judgment affirmed.