## LOFLAND v. GOBEN.

[No. 1,951. Filed June 16, 1896. Rehearing denied Sept. 25, 1896.]

INSTRUCTIONS.—*Will be Considered as a Whole.*—Where the instructions as a whole state the law correctly, it is not reversible error that some particular instruction or part of an instruction is incomplete or inaccurate.

NEGOTIABLE INSTRUMENTS.—*Note Given for Patent Right.*—A note given in consideration of a conveyance of a patent right, which does not contain the words "given for a patent right," or words of like import, is invalid in the hands of one who accepts it with full knowledge of the consideration for which it was given.

APPEAL AND ERROR.—*Instruction.*—A judgment will not be reversed for refusal of a correct instruction, unless the record affirmatively shows that such instruction was tendered to the court before the argument was commenced as provided by section 542, Burns' R. S. 1894 (533, R. S. 1881).

SAME.—*Instructions.*—*Presumption.*—It will be presumed on appeal that instructions tendered and refused, were refused because they were not tendered in time, where the record does not affirmatively show that they were tendered before the argument was commenced.

From the Montgomery Circuit Court. *Affirmed.*

*O. U. Perrin* and *Kennedy & Kennedy*, for appellant.

*G. W. Paul* and *H. D. Van Cleave*, for appellee.

ROSS, J.—The appellee brought this action against the appellant upon two promissory notes. Upon issues formed the cause was tried before a jury, resulting in a verdict in favor of appellee upon which judgment was rendered.

The only specification of error assigned in this

court is, "The court erred in overruling the motion for a new trial."

Complaint is made of several of the instructions given by the court. These instructions, in the main, state the law correctly. In considering the correctness or incorrectness of certain instructions given, it is necessary to consider all of the instructions given, and if when all are considered together they state the law correctly, it is not error if some particular instruction or part of an instruction is incomplete or inaccurate. The appellant attacks and seeks to overthrow separate instructions or parts thereof without considering them with reference to the other instructions given. That is not the rule by which the sufficiency of an instruction is tested. *Patchell* v. *Jaqua*, 6 Ind. App. 70; *Beugnot* v. *State, ex rel.* 11 Ind. App. 620; *Evansville, etc., R. R. Co.* v. *Talbot,* 131 Ind. 221; *Deilks* v. *State,* 141 Ind. 23.

It is next urged that the court erred in refusing to give the following instruction tendered by the appellant, viz.: "If you believe from the evidence that the sole and only consideration for the notes in suit was the sale and conveyance of a patent right and that the notes did not contain the words, 'given for a patent right,' or words of like import, and that plaintiff accepted said notes with full knowledge that they had been given for a patent right, then this plaintiff can not recover on them and your verdict should be for defendant." This instruction, so far as we have been able to discover, states the law correctly, was applicable to the evidence introduced to sustain the issues and was not covered by any other instruction or instructions given. The evidence was conflicting as to whether or not the notes sued on were given for an interest in a patent right and that was one of the issues being tried, hence the appellant was entitled to

Lofland v. Goben.

have the jury instructed upon that question. But counsel for the appellee insist that the appellant can not have a reversal for the refusal to give this instruction because the record does not show that it was tendered to the court after the close of the evidence and before the commencement of the argument to the jury. The statute, clause 4, section 542, Burns' R. S. 1894 (533, R. S. 1881), provides that "when the evidence is concluded, and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court."

Unless the record affirmatively shows that the instructions tendered and refused were tendered to the court before the argument was commenced it will be assumed that the court refused such instructions because not tendered in time. *Kackley* v. *Evansville, etc., R. R. Co.*, 7 Ind. App. 169; *Puett* v. *Beard*, 86 Ind. 104; *Hege* v. *Newsom*, 96 Ind. 426; *Welsh* v. *State*, 126 Ind. 71, 9 L. R. A. 664; *Citizens' Street R. R. Co.* v. *Hobbs*, 15 Ind. App. 610.

The presumptions that arise in favor of the correctness of the rulings of the trial court impose upon one asking a reversal to present a record which affirmatively rebuts such presumptions. No such showing is presented by the record before us.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

Ross, J.—The appellant asks a rehearing, insisting that the original opinion is wrong in holding that "unless the record affimatively shows that the instructions tendered and refused were tendered to the court before the argument was commenced, it will be as-

sumed that the court refused such instructions because not tendered in time." In support of their contention, counsel say "when the record shows that an instruction was written; that it correctly stated the law; that it was not covered by any other instruction given by the court; that it related to the issues in the case; that it was applicable to the evidence; that it was signed by the party asking it, and that it was presented to the court and asked to be given to the jury, why should it be presumed that the trial court refused to give it because it was not presented just after the evidence closed and just before the argument began?" .

Were it not that we feel convinced that counsel are not familiar with the rules governing the decision of cases in this court we would be disposed to say nothing further from what is said in the original opinion in support of this proposition, but believing the petition to have been filed in good faith and not merely for delay, we will state why the presumption above stated prevails. By a long line of adjudications, from which there has been no deviation, it has been held that on appeal to the Appellate Court a presumption arises and is indulged that the judgment and proceedings of the trial court are right and that such judgment will not be disturbed unless the record shows affimatively that an error has been committed, and that the judgment is wrong. When the trial court makes a ruling against a party, it is the duty of such party, if he desires to have the ruling reviewed, to see that the record recites fully and accurately the facts. He is the one who complains of the court's ruling, and upon him rests the burden of showing that such ruling was wrong. The opposite party has nothing to complain of, for the ruling is in his favor, hence no duty rests upon him to see that the record should

show the ruling to be right. If the duty rested upon the successful party to show that the judgment and proceedings were right and not upon the complaining party to show that they were wrong, counsel's contention must prevail. That, however, is not the rule in this State.

Elliott, J., in *Puett* v. *Beard*, 86 Ind. 104, says: "One complaining of a ruling must, in order to secure a reversal, affirmatively show that he placed himself in an attitude to rightfully ask that which the court refused him. If this is not done the presumption of regularity, which always attends the proceedings of the trial court in the absence of a contrary showing, will require the appellate court to assume that the party did not do that which the law required him to do, in order to entitle him to the ruling asked."

The record in this case does not show when the instruction refused was tendered, hence there is nothing from which this court can say that the appellant was entitled to have the instruction given. The trial court was not bound to give the instruction unless it was tendered before the argument was commenced, hence the duty rested upon the appellant to have the record show that it was tendered in time.

We deem it unnecessary to add anything to what has already been said relative to the rules applicable to the consideration of instructions given. We think of no reason why the rule should be changed and counsel suggest none.

Petition overruled.