Sprankle *v.* Bart.

---

### SPRANKLE *v.* BART.

[No. 3,318.   Filed December 14, 1900.]

NEGLIGENCE.—*Cleaning Drain.—Damages to Stock on Lands Outside the Line of the Ditch.*—That one has the right to go upon the lands of another for the purpose of dredging or cleaning a ditch does not relieve him for acts of negligence committed upon the lands outside the line of the ditch.  *pp. 683-684.*

JUDICIAL NOTICE.—*Animals.*—Courts will not take judicial notice that coal, free in its constituent parts from poison, would not, if taken into the stomach of animals, have a tendency to produce death.  *p. 684.*

NEGLIGENCE.—*Complaint.—Contributory Negligence.*—In an action for damages resulting from acts of negligence committed in clean-

ing a drain, on lands outside the line of the ditch, an allegation in the complaint "that by reason of said careless, negligent, and unlawful acts of said defendant, which were without fault or negligence on plaintiff's part," sufficiently negatives contributory negligence on the part of plaintiff. *p. 684.*

APPEAL AND ERROR.—*When Evidence Not in Record.*—Under the act of March 3, 1899 (Acts 1899, p. 384), the evidence is not properly in the record, where it is not shown that any time was fixed by the court in which the transcript of the evidence was to be filed with the clerk, the clerk does not certify that the certificate of the judge attached is that of the judge, and the certificate of the clerk does not show when the longhand manuscript of the evidence was filed·in his office. *pp. 684, 685.*

SAME.—*Instructions.*—*Presumption.*—It will be presumed on appeal that instructions tendered and refused were refused because they were not tendered in time, where the record does not affirmatively show that they were tendered before the argument was commenced. *p. 686.*

From the Allen Circuit Court.  *Affirmed.*

*T. E. Ellison,* for appellant.
*J. M. Barrett* and *S. L. Morris,* for appellee.

COMSTOCK, J.—The complaint in this cause in substance alleges that appellee, who was plaintiff below, was at the time of the commencement of this action and for five years prior thereto had been the owner in fee of certain lands situate in Allen county and described in the complaint, through which a certain ditch had been constructed; that appellant on the 25th day of May, 1898, had a contract to clean said ditch, and that while so doing he carelessly, negligently and unlawfully, and without the knowledge or consent of the appellee, placed coal and oil waste upon the appellee's lands, which were then being used for the pasturing of his cattle; that the appellee was pasturing, on said land where the coal and waste was so deposited, his cows and other cattle.  That such cattle ate the coal and waste, which caused the death of three of them of the value of $120; that the coal is a mineral, and the oil waste a substance which cattle will eat, and if eaten has a tendency to and will produce the death of the cattle so eating the same;

that appellant knew that the cattle were eating the coal, and that the same would cause their death; that two of the cows had young calves, and that their growth was stunted because of the death of their mothers, to the damage of $10; that he carelessly, negligently, and unlawfully knocked down 110 rods of appellee's fence, without right or permission, and neglected to rebuild or replace the same; that he unlawfully took down and removed a flood-gate crossing the ditch and negligently failed to replace the same, whereby the cattle of the neighbor entered upon the lands and trampled down eighteen acres of appellee's wheat; that by reason of said careless, negligent, and unlawful acts of the appellant, which were without fault or negligence on the appellee's part, appellee was damaged in the sum of $210. The cause was put at issue and a trial resulted in a verdict and judgment for the appellee in the sum of $150. With the general verdict the jury returned answers to interrogatories.

The errors assigned are: (1) That the court erred in overruling appellant's motion for a new trial; (2) in overruling appellant's motion for judgment upon the interrogatories; (3) in overruling appellant's demurrer to appellee's complaint.

It is urged against the complaint that it appears therefrom that appellant had the right to go upon appellee's land, and that some power was necessary to propel the dredge; that either wood or coal was necessary as fuel in operating the machinery; that appellant was not a trespasser and he could not be liable because appellee's cows ate his coal.

By reference to the complaint, it will be observed that appellant placed coal and oil waste upon the lands of appellee, used for pasturing his cattle, without and beyond the lines of said ditch. Conceding appellant's right of entry upon the ditch, he would still be liable for his acts of negligence committed upon lands outside the lines of the ditch. Counsel for appellant object to the averment that

coal is a mineral and oil waste a substance which cattle will eat and which have a tendency to produce the death of the cattle so eating them, and that appellant knew the cows were eating the coal and that the same would cause their death. The objection made to the averments is that coal as used for the firing of dredges is a harmless mineral, is not presumed to be poisonous, and that mere allegations of the complaint can not change its character. The complaint does not allege that coal is poisonous, but that if eaten would have a tendency to produce death. The court can not know judicially that coal or wood, free in their constituent parts from poison, would not, if taken into the stomach of an animal, have a tendency to produce death. But there are other allegations in the complaint, the sufficiency of which is not questioned, to constitute a cause of action, viz.: That appellant knocked down and destroyed without permission 110 rods of appellee's fence and neglected to rebuild or replace the same; that he negligently removed a flood-gate crossing the ditch, being a part of a division fence between the property of appellee and one Branstater, and failed to replace the same, whereby the cattle of said Branstater entered upon the lands of the appellee at the place from which said flood-gate was so removed and trampled upon and damaged growing wheat of the appellee. It is further objected that the complaint does not negative contributory negligence upon the part of the appellee. This allegation is in the following language: "That by reason of said careless, negligent, and unlawful acts of said defendant which were without fault or negligence on plaintiff's part." The complaint was sufficient to withstand a demurrer.

Counsel for appellee object to the consideration of any question except the sufficiency of the complaint attempted to be raised by the assignment of errors, upon the ground that neither the evidence nor the instructions are properly in the record. It is manifest that an attempt has been made to prepare the record under the act concerning the appoint-

ment of shorthand court reporters, approved March 3, 1899, Acts 1899, p. 384. Section 5 of said act provides: "Whenever, in any cause, such reporter shall be requested to do so, he shall furnish to either party a transcript of all or any part of said proceedings required by him to be taken or noted, including all documentary evidence, and it shall be his duty to furnish the same written in a plain, legible longhand or typewriting as soon after being requested to do so as practicable, and he shall certify that it contains all the evidence given in the cause."

Section 6 of said act is as follows: "The transcript of the evidence so prepared by such reporter shall be filed by him with the clerk of the court wherein said cause is tried, within a time to be fixed by the court trying such cause. The judge of said court shall thereupon attach to the transcript of the evidence so filed by such reporter a certificate that the same is correct and contains all the evidence, and the clerk shall incorporate such transcript of the evidence and the certificate signed by such judge, in the transcript of said cause, and state in his certificate that the same is the transcript of the evidence filed by such reporter, and that the certificate attached is that of the judge, with the date when the same was filed in his office, and said transcript and record, when so prepared, shall be sufficient to present to the consideration of the Supreme or Appellate Court, in the determination of the questions presented to the lower court trying such cause, and the clerk shall receive no fees for that part of the transcript of record containing the evidence."

The act is vague and uncertain in stating "and such transcript and record when so prepared shall be sufficient," etc., and in failing to state what it shall be sufficient to present to the consideration of the court. But treating the act as sufficiently definite for the purpose of determining the questions raised by counsel for appellee, the record before us does not comply with its requirements for the following, among other, reasons: It does not appear that any time

was fixed by the court in which the transcript of the evidence was to be filed by the reporter with the clerk of the court; the clerk does not certify that the certificate of the judge attached to the transcript of the evidence is that of the judge, with date when the same was filed in his office; the certificate of the clerk does not show when the longhand manuscript of the evidence was filed in his office, nor when it was incorporated in the bill of exceptions. Under this act, for these reasons, the evidence is not in the record. *Koontz* v. *Hammond,* 21 Ind. App. 76; *National Bank* v. *Berry,* 21 Ind. App. 261.

Separate reasons for a new trial are the refusal of the court to give instructions numbered four, five and six respectively requested by appellant. It does not affirmatively appear from the record that these instructions were tendered to the court before the commencement of the argument. It will therefore be presumed that the refusal was upon the ground that they were not tendered in time and were therefore properly refused. *Lofland* v. *Goben,* 16 Ind. App. 67, and authorities there cited.

It is urged that certain instructions given at the request of appellant are irreconcilably in conflict with certain others given at the request of appellee. To determine the correctness of instructions given would require an examination of the evidence, which is not in the record. The court in the several instructions complained of, announced general propositions of law. It is insisted that between these instructions and others given by the court at the request of appellant in which an attempt is made to apply the law to the evidence, there is irreconcilable conflict. A careful consideration of these instructions in question leads us to the conclusion that the position of appellant's counsel is not tenable. This disposes of all the questions argued; those not discussed are waived.

We find no error for which the judgment should be reversed. Judgment affirmed.