Steele *et al. v.* Davis.

---

No. 6963.

## STEELE ET AL. *v.* DAVIS.

| 75 | 191 |
|---|---|
| 140 | 303 |
| 75 | 191 |
| f167 | 133 |

TRESPASS. — *Service of Writ of Possession.—Pleading. —Complaint. —Answer.—Reply.— Departure.—Practice.*—Where a complaint contains facts constituting a cause of action against defendants for trespass in removing plaintiff's goods from his dwelling-house. and two of the defendants answer in justification under a writ of possession, a reply seeking to hold them responsible and recover damages for issuing the writ, but not showing that they had anything to do with issuing it, or with the trespass, etc., is a departure, and is insufficient on demurrer. In such reply, the plaintiff could not controvert his landlord's title.

Steele *et al. v.* Davis.

SAME.—*Practice.—Instructions.—Exemplary and Nominal Damages.*—In such an action an instruction, that "If the plaintiff has sustained no injury by reason of the alleged trespass, still he is entitled to a verdict for nominal damages," assumed that a trespass had been committed, and was erroneous.

SAME.—*Compensatory Damages.—Measure of Recovery.*—In such action, an instruction, that "The amount of damages that the plaintiff is entitled to recover is not fixed by law, but left to your sound judgment and discretion," was erroneous. In an action for trespass where only compensatory damages can be allowed, the measure of recovery is limited to the amount of the damages done or the injury inflicted.

SAME.—*Justification under Writ.—Facts Assumed as Proved.—Actual Damage.*—On trial of such an action, it was error to instruct the jury that the judgment and writ of possession did not justify the acts complained of, and that when they had assessed the injury to plaintiff they should go no further to visit defendants with exemplary damages. It was error to assume that a trespass had been committed, and that plaintiff had sustained injury.

SAME.—*Instructions Refused.—Objections to Evidence.—Supreme Court.—Practice.*—Instructions applicable to the evidence and stating the law correctly should be given, as requested by the defendants; but where the plaintiff, as appellee, has not appeared and furnished aid in support of his judgment, and sufficient errors have been made manifest upon the record to require a reversal, the Supreme Court will not recite all the instructions improperly refused, or undertake, at appellant's request, to decide all the questions presented as to instructions and objections to evidence.

From the Henry Circuit Court.

*W. R. Hough* and *W. March,* for appellants.

FRANKLIN, C. —This is an action of trespass, brought by Davis against Steele, Barnett, Thomas, Offutt and Rariden. The suit was commenced in the Hancock Circuit Court in October, 1867. The venue was changed to Wayne county in 1868, transferred back to Hancock in 1869, changed again to Delaware county in 1869, and again changed to Henry county in 1874, and finally tried in the Henry Circuit Court in 1876. The services of six or eight circuit judges, a number of common pleas judges, and several members of the bar, from time to time, have been brought into requisition to settle the various questions in the court below.

The plaintiff, in his complaint, charged the defendants with having forcibly and unlawfully entered his premises and dwelling-house, and removed a portion of his personal goods.

The defendants answered by a denial and two special paragraphs in justification, in which they alleged that Steele had obtained before Barnett, as a justice of the peace, a judgment for the possession of the premises; a writ of possession was issued; that Thomas, as special constable, had said writ, and called to his assistance, in the service thereof, Offutt and Rariden; that the alleged trespass was committed in the attempted service of said writ, and that no unnecessary damage or injury was committed in said attempt, nor any harm or wrong done to the plaintiff.

The plaintiff replied by a denial and a special paragraph. Separate demurrers of Steele and Barnett were filed to the special paragraph, and overruled. This paragraph only applied to Steele and Barnett.

Trial by jury; finding for plaintiff. Motion for a new trial overruled, and judgment for plaintiff.

The errors complained of are the overruling of the demurrer to the second paragraph of the reply, and the overruling of the motion for a new trial.

Offutt died before the cause was tried, and there was a dismissal as to Offutt and Rariden. Under the directions of the court, the jury found a verdict for Barnett; and that leaves Steele and Thomas to prosecute this appeal.

The second paragraph of the reply is too long to copy in this opinion; the substance of it is as follows:

That, as to Steele and Barnett, the premises upon which the trespasses were alleged to have been committed were the property of the plaintiff, and that he was in the rightful possession thereof; that, by fraud, falsehood and deceit, said Steele had obtained a deed for the same; that there was then pending in the Hancock Circuit Court a suit

by plaintiff against Steele, to set aside said deed, and quiet his title to the land, which facts were well known by Steele. and Barnett; that he admitted the suit of Steele against him before Barnett, and the judgment for possession, but alleged that the trial was had on the 2d day of October, 1867; that he had then informed Barnett that, if the case was decided against him, he wanted to appeal it to the circuit court; that Barnett informed him that he would take the case under advisement until the next day; that he then gave notice to Barnett and Steele that, if the case was decided against him, he intended to appeal it; that he returned next morning at 6:30 o'clock A. M., but was unable to find Barnett, by searching for him, until about 9 o'clock A. M., when he was informed by Barnett that the case was decided against him, and that a writ for possession had been issued, and that Steele, with a deputy constable and posse was then gone to turn him out of possession; that plaintiff then filed his appeal bond; that the promises of said Steele and Barnett were false and fraudulent, and made for the fraudulent purpose of getting said plaintiff turned out of possession, before he could perfect his appeal; that the writ for possession was void; that the several grievances mentioned in his complaint were committed, and that said paragraphs of said answer do not constitute a bar to said plaintiff's right to recover.

This reply was filed to answers setting up as a justification the writ for possession issued upon a judgment rendered in an action brought by Steele against Davis, upon a lease executed by Davis to Steele for the premises in controversy, in 1863, as the tenant of Steele. Davis could not be permitted to controvert the title of his landlord in this way. He attempted to set up the same defence before the justice of the peace in the action on the lease, but before the trial the record shows that he abandoned this defence, and went to trial upon the general issue. This lease has been incidentally passed upon by this court in the case of *Steele* v.

*Moore,* 54 Ind. 52; and, according to the opinion in that case, this reply falls far short of a sufficient attack upon the lease. The reply does not show that Steele or Barnett had anything to do with the commission of the alleged trespass; and to attempt, in the reply, to hold them responsible and recover damages for issuing the writ of possession, would be a departure from the complaint.

There is nothing in the reply showing that Steele was present the next day, or had anything to do with the issuing of the writ, and it does not controvert the fact as to whether the writ had been issued the next day in pursuance of what Barnett had told as to when the case would be decided. It was entirely deficient as a reply to defendant's answers; and the demurrers should have been sustained to it.

In the motion for a new trial, appellant's counsel filed sixty-two reasons therefor, the last of which embraces twenty-six instructions, asked by defendants, and refused by the court; other reasons embrace the instructions given. The following instruction was asked by plaintiff, given by the court, and excepted to by defendants:

"If you find for the plaintiff, you will then determine the amount of his damages. The amount of damages that the plaintiff is entitled to recover is not fixed by law, but left to your sound judgment and discretion. And, in determining the amount of damages, you must take into consideration all the circumstances under which the trespass was committed. And if the evidence shows that malice, insult or deliberate oppression was exercised by the defendants toward the plaintiff in the commission of the acts complained of, then you may award, in addition to the actual loss sustained by plaintiff, such exemplary damages in addition, as shall tend to prevent a repetition of such injury." To which the court added. "If the plaintiff has sustained no injury by reason of the alleged trespass, still he is entitled to a verdict for nominal damages."

Steele *et al. v.* Davis.

This instruction assumes that a trespass was committed, and the jury is told that they must find for the plaintiff nominal damages, although he had sustained no injury. This was wrong. The clause in relation to the amount of damages we also think erroneous. In the action for trespass, where only compensatory damages can be allowed, the amount is as much fixed by law as is the amount in an action on contract for services rendered or goods sold and delivered, where no price is agreed upon, and the measure of recovery is as strictly limited to the amount of the damage done or the injury inflicted. If the instruction, so far as this clause is concerned, had only applied to the punitive damages that might have been added, this might have been correct, but it is not correct when applied to compensatory damages.

The following was the third instruction given : "In addition to the general denial, the defendants answer that whatever acts were done by them, complained of in the complaint, were done under and by virtue of a writ of possession, issued by Barnett, a justice of the peace, to said Thomas, special constable, upon a judgment duly rendered by said justice in an action of John Steele against said David F. Davis, and that, in the execution of said writ, the defendants did no more violence nor injury than was necessary to the execution of said writ. The judgment and writ have been read to you in evidence. As to whether they justify the acts complained of, is not for the jury to say, but is a question of law for the court to determine ; and I say to you, that they did not justify the acts complained of by the plaintiff as the alleged trespass. If John Steele, in good faith, believing himself to be entitled to the possession of the farm upon which Davis resided, brought suit before Esquire Barnett, against Davis, to recover the possession of said farm, and obtained the judgment given in evidence, and the defendant Thomas, in good faith, believing that he was executing legal process, received the writ in evidence, and

he and Steele did whatever it is proven they did do of the acts complained of, under and by virtue of said writ, in good faith believing they were following the law, then they should not be visited with exemplary damages ; but, after you have assesssd the injury to Davis, by reason of the defendants entering his premises and removing his goods, you should go no further,'' etc.

We think this instruction was based upon a wrong theory of the case ; that the conclusion therein does not correctly follow the premises in either of the clauses of the instruction. In the first clause, that the writ did not justify the acts done under and by virtue of it, was erroneous ; and in the second clause, that they should go no further after assessing Davis' injury, was assuming that a trespass had been committed, that Davis had sustained injury, and that the jury should assess such damages anyhow, which was wrong. *Densmore* v. *The State*, 67 Ind. 306.

Among the instructions asked by the defendants, and refused by the court, are the following :

"7. If the jury further believes, from the evidence, that the defendant Steele did no other acts in connection with the trespass charged in the complaint, except to bring an action before a justice of the peace for the possession of the tract of land on which the house described in the complaint is situated, as landlord, against David F. Davis, as his tenant, and prosecute the action to judgment, procure a writ of possession to be issued thereon, and placed in the hands of a special constable for service, and to be present in the public highway, ready to receive the possession when it should be given to him by the constable, he can not be made liable in this action.

"11. If the jury believe, from the evidence, that one of the defendants, George Barnett, a justice of the peace, of Hancock county, Indiana, in an action pending before him between the plaintiff, Davis, and the defendant Steele, hav-

ing jurisdiction of the action and the parties, rendered judg-
ment against Davis and in favor of Steele, giving possession
of the premises described in the complaint to Steele, and
issued a writ thereon, regular upon its face, directed to the
defendant, Thomas by name, as special constable, command-
ing him to deliver said premises to said Steele, by removing
Davis therefrom ; that said justice appointed said Thomas
as such constable, and noted said appointment upon his
docket ; that said Thomas called to his assistance in the ser-
vice of said writ the defendants Offutt and Rariden ; and
if the jury further believe, from the evidence, that all the
trespasses complained of in this action were committed by
said defendants Thomas, Offutt and Rariden, in the execu-
tion of said writ, and they used or did in the execution of
said writ no more or greater violence or harm than was nec-
essary for a proper execution of the writ, said defendants
are not liable in this action, and the jury should find for the
defendant Thomas.''

These two instructions, we think, stated the law correctly,
were applicable to the evidence, and should have been given
to the jury.

There were other instructions asked and refused, that per-
haps ought to have been given, but we deem it unnecessary
to extend this opinion by copying them.

Counsel for appellant have especially requested this court
to decide all the questions presented in the record.

As appellee's counsel seemed to have exhausted all their
energies and resources in this case before it reached this
court, and have not entered an appearance here or furnished
us with any information or assistance on their side, we are
unwilling to undertake the herculean task of deciding all the
questions raised in the record by appellant's counsel, or in
this opinion to write a book on evidence by discussing the
fifty-eight objections made to the admissibility of testimony
in the trial of the cause.

We have pointed out sufficient errors to reverse the judgment, and in all subsequent proceedings counsel can examine the text-books for authority upon the questions as they arise.

PER CURIAM.—It is, therefore, ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at costs of appellee; and that the cause be remanded to the court below, with instructions to grant the defendants a new trial, to sustain the demurrer to the second paragraph of the appellee's reply, and for further proceedings in accordance with this opinion.