No. 9670.

## WRIGHT v. FANSLER.

JUSTICE OF THE PEACE.—*Entry of Judgment in Criminal Cases.*—Where there is no statute prohibiting, a justice of the peace may enter judgment in favor of the defendant, in a criminal prosecution, at any time after it is rendered.

SAME.—*Rights of Defendant.*—A defendant, acquitted of a criminal charge, can not be deprived of his rights by the failure of the justice of the peace to enter of record the judgment of acquittal at the time it was rendered.

SAME.—*Statute on Subject of Entering Judgments.*—The statute on the subject of entering judgments by justices of the peace applies only to civil proceedings.

MALICIOUS PROSECUTION.—*Effect of Acquittal.*—A judgment of acquittal is *prima facie* evidence of innocence.

INSTRUCTIONS.—*Construction.*—Instructions are to be taken as an entirety, and are not to be judged by detached sentences.

From the Cass Circuit Court.

*M. Winfield* and *Q. A. Myers*, for appellant.

*D. B. McConnell*, for appellee.

ELLIOTT, J.—The questions in this case arise on the ruling denying the appellant a new trial.

The action is to recover damages for a malicious prosecution instituted against the appellee by the appellant. On the trial, the former introduced in evidence the record of a justice of the peace, showing his arrest, the hearing and acquittal upon a charge of larceny preferred against him by the latter; and the justice by whom the judgment of acquittal was rendered testified, on cross-examination, that although the judgment was pronounced on the 17th day of September, 1879, it was not entered of record for nearly two years afterwards. The appellant contends that the recording of the judgment by the justice was void, and that it was error to admit the record in evidence. In support of this contention several decisions are cited, wherein it is held that a justice must enter of record his judgment within four days after it is pronounced; but these decisions were all made in civil proceedings, and we are not willing to extend them to criminal prosecutions as against one who relies upon the justice's judgment of acquittal as establishing his innocence of a charge preferred against him. An accused, who has had a judicial investigation of a charge against him, and received a judgment of acquittal, ought not to be deprived of its benefit because of the failure of the justice to perform his duty by entering it of record. The reasons which require the recording and signing of a judgment in ordinary civil actions do not apply to criminal prosecutions, and the statute in terms applies only to civil proceedings. Independently of statute a justice may, at any time, enter his judgment of record.

*Matthews* v. *Houghton*, 11 Maine, 377; *Gray* v. *Cookson*, 16 East, 13; *Selwood* v. *Mount*, 9 C. & P. 75. And surely he ought to have this right in criminal prosecutions, where no statute restricts it, and in cases where one accused of crime and acquitted invokes the benefit of his judgment. We need not enquire, and do not decide, whether a justice can enter a judgment at a time subsequent to its rendition for the purpose of subjecting an accused to punishment, for that question is not before us.

The appellant complains of the ruling of the court denying him the right to read in evidence the record of a replevin action brought by him against the appellee. Conceding, but not deciding, that this evidence was in itself competent, it is clear that no harm was done appellant by its exclusion, for the reason that there was no dispute at the trial as to the title to the property. It was conceded by appellee that appellant had secured the property by the action of replevin, and the record would have proved no more.

The court charged the jury that the discharge of the appellee by the magistrate was *prima facie* evidence of his innocence of the charge against him, but that it was not evidence that the person who made it did it without probable cause. This instruction was certainly as favorable to the appellant as he had any right to ask. The only question in our minds is, whether it was not more favorable than he had a right to have given the jury. 2 Greenl. Ev. 455; Bigelow Torts, 196–203; 1 Am. Lead. Cases, 269.

In the eighth instruction, the court correctly stated the elements which should be considered in estimating damages, and added: " You are only limited in extent by the amount demanded by the plaintiff in his complaint, which is $5,000, beyond which you can not go; but you may, if you see proper, find in a much less sum; in fact you may find in any sum from one cent to $5,000." Appellant singles out the first clause of the first sentence and urges several objections against it. This course is not permissible. Instructions are not to be judged

by detached clauses or sentences, but are to be taken as entireties, and if correct when thus considered, they will be upheld. We have no doubt that the instruction under immediate mention, taken as it must be as a whole, correctly stated the law to the jury.

The first instruction given at the request of the appellee is substantially the same as the one first noticed, and is certainly quite as favorable to the appellant as he could ask.

Judgment affirmed.

### On Petition for a Rehearing.

ELLIOTT, J.—Counsel in their brief on the petition for a rehearing assert that we did not properly construe the record, and we have again examined it. We find that the counsel are in error. The appellee, in answer to appellant's questions on cross-examination, fully and broadly admitted that the ownership of the property had been fully settled in the replevin action, and we were correct in saying that there was no dispute as to that question. The introduction of the record in that action would have proved no more than the appellee admitted, and there was, therefore, nothing more than a harmless error, if, indeed, error at all, in excluding the record in the replevin proceedings.

Petition overruled.