Fowler *et al. v.* The State.

Filed Nov. 26, 1883.

---

No. 10,812.

## Fowler et al. *v.* The State.

CRIMINAL LAW.—*Recognizance.*—*Forfeiture.*—*Justice of the Peace.*—*Change of Venue.*—One who is under recognizance in the form prescribed by statute, R. S. 1881, section 1644, to appear before a justice of the peace to answer a criminal charge, and who, upon obtaining a change of venue, fails upon the order of the justice to enter into a new recognizance for his appearance before the justice to whom the venue is changed, forfeits his recognizance.

SAME.—*Complaint.*—*Exhibit.*—In a complaint upon a recognizance taken and forfeited before a justice of the peace in a criminal case, it is not necessary to exhibit a copy of the justice's certificate of forfeiture.

SAME.—*Judgment.*—*Entry of.*—The statute, R. S. 1881, section 1489, prescribing the time when a justice of the peace shall enter his judgment, does not apply to criminal cases.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellants.

*L. P. Newby,* Prosecuting Attorney, and *J. M. Brown,* for the State.

NIBLACK, J.—Action upon a forfeited recognizance in a complaint in two paragraphs. The first paragraph charged that on the 7th day of October, 1882, Thomas L. Fowler was arrested and taken before Alvin T. Burr, a justice of the peace of Henry township in Henry county, to answer a charge of selling intoxicating liquor to Martin Dalen, Jr., a person under the age of twenty-one years; that Fowler applied for and obtained a change of venue from said township, said cause being set for trial before Thomas F. Ice, a justice of the peace of an adjoining township in said county, on the 11th day of October, 1882, at 9 o'clock A. M.; that Fowler, as principal, and Martin Dalen, as surety, thereupon, on said 7th day of October, 1882, entered into a recognizance in the penal sum of fifty dollars, conditioned that the former should appear "before Thomas F. Ice, a justice of the peace in and for Henry county, on the 11th day of October, 1882, at 9 o'clock A. M., to answer to a charge of selling liquor to a minor, and abide the judgment of the court," which recognizance was taken and approved by Burr, as justice of the peace as herein above stated; that Fowler appeared before Ice at the time named in his recognizance, and filed his affidavit for a change of venue from him, the said Ice; that the venue was again changed to Wesley Dunbar of the same township with Ice, and Fowler was then ordered by Ice to enter into a recognizance in the penal sum of one hundred dollars, with surety, for his appearance before Dunbar to answer the charge against him, on the 18th day of October, 1882, at 10 o'clock A. M., the time fixed for the trial before said Dunbar; that Fowler failed to enter into a recognizance to appear before Dunbar, but, upon being called, made default. Whereupon the recognizance entered into by Fowler and Dalen before Burr, as above set forth, was declared and adjudged by Ice

forfeited, and Ice endorsed upon said recognizance a certificate, as follows:

"I, Thomas F. Ice, certify that the within Thomas L. Fowler did not discharge the within recognizance in this, that the venue of said cause was changed to Wesley Dunbar, and trial set for 9 o'clock A. M. on the 18th day of October, 1882, and I required and ordered said defendant to enter into a recognizance for his appearance at said time, which he refused to do, and I declared and adjudged this recognizance forfeited.

"THOMAS F. ICE, J. P."

That said recognizance, with the certificate endorsed thereon, was by Ice returned to the clerk of the Henry Circuit Court, and was filed by said clerk in his office.

The second paragraph charged the arrest of Fowler, his appearance before Burr, the change of venue to Ice, the entering into the recognizance by Fowler and Dalen, the failure of Fowler to appear before Ice, and the formal entry of a default and forfeiture against both Fowler and Dalen. A copy of the recognizance bond was filed with the complaint.

Demurrers to both paragraphs of the complaint were overruled; general denial; trial by jury; verdict for the State, assessing the damages at fifty dollars; new trial denied and judgment on the verdict.

It is claimed that when Fowler appeared before Ice, the obligation of his recognizance was fully discharged, and that, if he was afterwards permitted to depart without leave, it was an *escape* merely and not a *forfeiture* of his recognizance, and that hence the first paragraph of the complaint was bad upon demurrer. The criminal code provides that when a person is in custody upon a charge amounting only to a bailable offence, he may be released by entering into a recognizance with sufficient surety to answer the charge and abide the order of the court and not depart thence without leave. R. S. 1881, section 1704, *et seq.*

It is further provided that, "If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or

upon any other occasion when his presence in court may be lawfully required according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited." R. S. 1881, section 1721.

These provisions are equally applicable to proceedings before justices of the peace. R. S. 1881, sections 1456, 1630, 1631, 1632.

The recognizance bond in this case, as has been seen, required Fowler to appear before Ice "to answer to a charge of selling liquor to a minor, and abide the judgment of said court." This was in its legal effect an undertaking on the part of Fowler and his surety, that he, Fowler, would, in addition to appearing and answering the charge against him, abide by all lawful orders which might be made by the justice in the cause. Section 1715. When, therefore, Fowler failed to respond to the order of Ice, requiring him to enter into a new recognizance for his appearance before Dunbar, he forfeited his undertaking to abide by the judgment of Ice in the cause. Moore Crim. L., section 235; *State* v. *Thompson,* 62 Ind. 367.

It is further claimed that a copy of the certificate made by Justice Ice, and set out in the first paragraph of the complaint, as above, ought to have been filed with the second paragraph, and that this latter paragraph was fatally defective, because it was not accompanied by a copy of that certificate. The certificate in question was not the foundation of the action, but only presumptive evidence of the forfeiture of the recognizance to be used on the trial. Section 1631, *supra.*

A party is not required to plead his evidence. *Cassaday* v. *American Ins. Co.,* 72 Ind. 95; *Sedgwick* v. *Tucker,* 90 Ind. 271.

Ice was a witness at the trial, and when the entries on his docket pertaining to the forfeiture of the recognizance were offered in evidence, the defendants proposed to prove by him that these entries were not made until a week or more after

the alleged forfeiture occurred, but the court refused to ad-- mit the proffered evidence, and complaint is made here of' that refusal of the court. The provision of the statute re- quiring docket entries by justices of the peace, in civil cases, to be made within a limited time, has been held, by this court,. not to apply to criminal causes. *Wright* v. *Fansler*, 90 Ind. 492..

It is sufficient, in a criminal proceeding, in a justice's court, that the docket entries pertaining to it be made up in time to· serve the purposes for which they are lawfully designed.

Other questions have been suggested in argument, but not. presented with such formality as to require a decision upon. them.

No adequate cause has ·been shown for a reversal of the; judgment. The judgment is affirmed, with costs. .

