Nicoles v. Calvert.

Filed June 21, 1884.

---

No. 11,466.

NICOLES v. CALVERT.

INSTRUCTIONS.—*Practice.*—It is not error to refuse a special instruction when the general instructions given embraced the principles of law asserted in the special instruction asked.

SAME.—*Construction.*—An instruction is not to be judged by detached clauses, but if, when considered as an entirety, it states correct propositions of law, it will be upheld.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict on the weight of the evidence.

From the Pulaski Circuit Court.

*G. Burson* and *R. L. Mattingly,* for appellant.

*J. C. Nye* and *J. Nye,* for appellee.

COLERICK, C.—This action was brought by the appellee upon a promissory note executed by the appellant to Beckwith & Lee, and by them assigned to the appellee. The issues were tried by a jury, and resulted in the rendition of a verdict for $105.87 in favor of the appellee, upon which, over a motion for a new trial, judgment was rendered. The only error assigned is the ruling of the court upon the motion for a new trial. The reasons assigned in support of the motion were:

1. That the verdict was not sustained by sufficient evidence.

2. That the verdict was contrary to the evidence and law.

3. That the court erred in refusing to give to the jury certain special instructions presented by the appellant, and numbered one and two.

4. That the court erred in giving to the jury, on its own motion, instruction numbered six.

5. That the damages assessed were excessive.

We have examined the evidence and find that, although conflicting, it tends to sustain the verdict. We can not, under the well settled practice of this court, disturb the verdict on the weight of the evidence.

The principles of law, correctly enunciated in the special instructions mentioned in the third specification of the reasons assigned in support of the motion for a new trial, were predicated upon the facts averred in the second and third paragraphs of the appellant's answer to the complaint. The court, in its third and fourth instructions, recited all the material averments contained in said paragraphs of the answer,

and in its fifth instruction stated to the jury: "If you find that he (appellant) has proven either of these defences by a fair preponderance of the evidence, then your verdict should be for the defendant." As the instructions given by the court, on its own motion, embodied and covered the principles of law asserted in the special instructions, no error was committed in refusing to give the latter. See *Fitzgerald* v. *Jerolaman,* 10 Ind. 338; Works Pr., section 783, and cases there cited.

The appellant separates from the body of the sixth instruction, given by the court, a fragment thereof, which he assails. It has been held by this court that "Instructions are not to be judged by detached clauses or sentences, but are to be taken as entireties, and if correct when thus considered, they will be upheld." *Wright* v. *Fansler,* 90 Ind. 492. The instruction, considered as an entirety, was not erroneous.

The amount that the appellee was entitled to recover upon the note in suit, as fixed by its provisions, was the principal and interest thereof, with ten per cent. thereon as attorney fees, and this was the sum awarded by the jury. The evidence adduced at the trial relative to the consideration for which the note was given was conflicting. The appellee insisted and introduced evidence showing that the note was executed for money that had been loaned to the appellant by one James Harmon, for whose benefit the note was given. Assuming, in view of the conflicting character of the evidence, that the jury found that that was the consideration inducing the execution of the note, the damages assessed were not excessive. As there is no error in the record the judgment ought to be affirmed.

Per Curiam.—The judgment is affirmed, at the costs of the appellant.

Filed June 21, 1884.