Conrad v. Kinzie.

Filed Feb. 9, 1886.

---

No. 10,996.

CONRAD v. KINZIE.

INSTRUCTIONS TO JURY.—*Omitted Points.*—*Practice.*—An objection to an instruction to the jury, that it fails to state the difference between the various paragraphs of defendant's answer, is unavailable. An instruction covering the point should have been asked.

SAME.—*Promissory Note.*—*Signing and Delivery on Sunday.*—*Province of Jury.*—In an action on a promissory note, alleged by the defendant to have been signed and delivered on Sunday, an instruction " that, before the defendant can successfully make out that kind of a defence, he should have pleaded in writing, as well as proved by a fair preponderance of the evidence, that he not only executed the note on Sunday, but that it was delivered and accepted by the plaintiff on Sunday," is correct, and does not invade the province of the jury.

SAME.—*Rule of Construction.*—Instructions are to be taken and construed together, and if, when so construed, they contain a correct statement of the law, they will afford no sufficient ground for reversal, even though a single sentence, standing alone and detached from its context, might seem to be erroneous.

From the Cass Circuit Court.

*D. D. Dykeman*, *W. T. Wilson* and *G. C. Taber*, for appellant.

*M. Winfield* and *Q. A. Myers*, for appellee.

Howk, J.—This was a suit by the appellee, Sarah Kinzie, against the appellant, Conrad, and one John M. Smith. Appellee's complaint counted upon a promissory note for $134.58, executed by appellant and his co-defendant Smith, dated January 25th, 1879, and payable one day after date to appellee, by her then name of Sarah Skinner. Defendant Smith was defaulted and disappeared from the case. Appellant separately answered in six paragraphs, of which the first was a general denial of the complaint, and each of the other paragraphs stated a special defence. Appellee replied by a general denial. The issues joined were tried by a jury and a general verdict was returned for appellee. With their general verdict, the jury also returned into court their special findings on particular questions of fact submitted to them by appellant, under the direction of the court, as follows:

"1. Was not the note in suit signed by the defendant Conrad on the Sabbath-day? Answer. Yes.

"2. Was not the note in suit delivered by the defendant Conrad on the Sabbath-day to John M. Smith? Ans. Yes.

"3. Was not the note in suit delivered by Richard Skinner to the plaintiff on Sunday? Ans. No.

"4. Is not the defendant Conrad surety on the note in suit for John M. Smith? Ans. Yes.

"5. After defendant Conrad signed the note in suit, to whom did he deliver it and on what day of the week? Ans. To John M. Smith, on the Sabbath-day."

Over appellant's motions for a new trial and in arrest, the court rendered judgment for appellee, and against the appellant, on the general verdict of the jury.

A number of errors are assigned here by the appellant, but his counsel have expressly limited their argument to the consideration of the alleged error of the court in overruling his motion for a new trial. The other errors assigned must, therefore, be considered as waived. The only cause for a new trial insisted upon here, by appellant's counsel, is an alleged error of law occurring at the trial, in giving the jury

a certain instruction of the court's own motion. This instruction reads as follows:

" To this complaint the defendant has answered by several paragraphs: *First.* He denies the execution of the note. *Second.* He says he has paid it. *Third.* That it was without consideration. In the *fourth, fifth* and *sixth* paragraphs, he sets up against the note, as a perfect defence, that the note was executed on Sunday by himself, W. T. Conrad, as surety for John M. Smith, and it was delivered by him on that day to his co-defendant, and that is as far as he has any knowledge of the note, and that he had received no consideration for the note. I am inclined to hold, upon that subject, the law to be as follows: That, before the defendant can successfully make out that kind of a defence, he should have pleaded in writing, as well as proved by a fair preponderance of the evidence, that he not only executed the note on Sunday, but that it was delivered and accepted by the plaintiff on Sunday. I hold that the decisions of the Supreme Court, that you have heard quoted here, are not now the law in this State, but there is a later decision which governs, and, as far as this case is concerned, the law as the court gives you, you must use and be governed by. The defendant, before he can avail himself of or properly make out the defence to prevent a recovery on the note at the hands of the plaintiff, either upon the fourth, fifth or sixth paragraphs of answer, must have proven by a fair preponderance of the evidence that this particular note in suit was executed by him upon Sunday, the first day of the week as it is called in the statute, and that it was delivered by him upon that day, or some one representing him, to the plaintiff in this case. If the plaintiff then accepted the note, knowing these facts, then she stands in equal respect of the law as being guilty of a violation of the criminal statute of this State. It is against the law to do common labor on the Sabbath-day, or the first day of the week commonly called Sunday.

" It is now decided by our Supreme Court, that if a note

is executed upon the Sabbath-day (I mean by execution, signed), and it was afterwards delivered upon a Sabbath-day, the plaintiff knowing the fact—delivered to the plaintiff on the Sabbath-day—then these facts being proven by a fair preponderance of the evidence, the plaintiff could not recover in the case."

The record of this cause contains no other instruction to the jury except the one above quoted; but it is certified in the bill of exceptions, that "the court gave to the jury no instruction that could, in any degree, limit, modify or change such instruction." In their discussion of the instruction quoted, appellant's learned counsel say : "We think this instruction is clearly bad for the following reasons :

"1. It misstates appellant's sixth answer.

"2. It invades the province of the jury, and gives them to infer that certain necessary proof has not been made.

"3. It requires proof of knowledge in the appellee of the signing and delivery of the note on Sunday.

"4. The court directs the attention of the jury pointedly to certain decisions of the Supreme Court, to the prejudice and injury of the appellant."

We will consider and pass upon these objections to the instruction quoted, in their enumerated order. In common fairness to the learned judge who presided at the trial of this cause, it ought to be premised, we think, that the record fails to show any request by or on behalf of either party, that the court should instruct the jury in writing. It is manifest from the phraseology and diction of the instruction quoted, that the court instructed the jury orally, and that the instruction, as it appears in the bill of exceptions, was written by the official stenographer of the court, from his short-hand notes, and was not the composition of the presiding judge.

1. It is claimed by appellant's counsel, that the court misstated the sixth paragraph of answer. We do not think the court's instruction is fairly open to this objection or criticism. The court did not state at all the sixth paragraph of

answer, except as coupled with the fourth and fifth para-agraphs of answer. Of these three paragraphs, joined together by a copulative conjunction, the court spoke and gave, we think, a fair statement of appellant's defence as therein stated. If he thought the attention of the jury should be directed to the difference between the sixth paragraph of answer and the fourth and fifth paragraphs, he should have asked the court for an instruction covering the point. His first objection to the instruction quoted, we think, is untenable and presents no question of law for our decision.

2. It is next claimed by appellant, that the court's instruction invaded the province of the jury, and gave them to infer that certain necessary proof had not been made. This claim is founded upon the following excerpt from the instruction quoted: "That, before the defendant can successfully make out that kind of a defence, he should have pleaded in writing, as well as proved by a fair prepondcrance of the evidence, that he not only executed the note on Sunday, but that it was delivered and accepted by the plaintiff on Sunday." The law as declared in this extract from the court's instruction can not be, and is not, questioned by appellant's counsel in their briefs of this cause. The burden of the issues joined on the fourth, fifth and sixth paragraphs of his answer, was unquestionably on the appellant; and to maintain the defence pleaded in such paragraph, it was incumbent on him to prove by a fair preponderance of the evidence, that he not only signed the note in suit on Sunday, but that such note was delivered to and accepted by the appellee on Sunday. *City of Evansville* v. *Morris*, 87 Ind. 269 (44 Am. R. 763); *Kuhns* v. *Gates*, 92 Ind. 66.

It is insisted, however, by appellant's counsel, as we understand them, that, by the mood and tense of the verb, "should have proved," in connection with the context, the court told the jury, by implication, that appellant had not proved, etc., and thus invaded the province of the jury, who were the exclusive judges of what had or had not been proved.

We do not think that the extract quoted from the court's instruction is fairly subject to the construction which counsel seek to place upon it. But if it were, we are of opinion that the entire instruction contains a correct statement of the law applicable to the case made by the pleadings and evidence. It is unfair to single out and assail a sentence from a long instruction, and the practice has been disapproved and condemned again and again in the decisions of this court. Instructions are to be taken and construed together, and if, as thus construed, they contain a correct statement of the law applicable to the case, they will afford no sufficient ground for the reversal of the judgment, even though a single sentence, standing alone and detached from its context, might seem to be erroneous. *Union Mut. Life Ins. Co.* v. *Buchanan,* 100 Ind. 63, and cases cited. When the instruction quoted is considered as an entirety, we think it was impossible for the jury to be misled thereby, or to infer therefrom what appellant's counsel claim was implied therein.

3 and 4. We have carefully examined and considered the arguments of appellant's counsel in support of the third and fourth reasons assigned by them as above for claiming that the court's instruction quoted is clearly bad. Having reached the conclusion that the instruction, as an entirety, contains a fair and correct statement of the law applicable to the case, we can not hold the instruction erroneous because of any verbal inaccuracies or loosely worded expressions therein, which could not and did not, as it seems to us, prejudice or injure the appellant in any respect. Appellant's counsel have ably and elaborately discussed the several objections urged by them to the court's instruction, but, for reasons already given, we think that these objections are not well taken and ought not to be sustained.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Feb. 11, 1886.