Craig *et al. v.* Frazier *et al.*

---

Judgment reversed, with directions to sustain the demurrer to the petition.

OLDS, C. J., dissents.

Filed Feb. 26, 1891.

No. 14,627.

CRAIG ET AL. *v.* FRAZIER ET AL.

PLEADING.—*Answer.—General Denial.*—When the general denial is pleaded no error is committed by sustaining a demurrer to an answer which sets up only such facts as are admissible in evidence under the general denial.

PRACTICE.—*Instructions.—Exceptions to Parts.*—Where instructions, taken as a whole, state the law of the case correctly, error in a single instruction, or a clause of an instruction, will not be available for a reversal of the judgment.

SUPREME COURT.—*Request for Instructions.—Refusal of.*—Available error can not be predicated on the refusal of a request for instructions where the record fails to show that the instructions were signed by the party, or his attorney, or that they were presented before the argument began.

From the Fountain Circuit Court.

*J. W. Sutton* and *W. L. Rabourn*, for appellants.

*J. W. Macy, J. B. Jaqua*, and *C. V. McAdams*, for appellees.

McBRIDE, J.—This was a suit by the appellees on a guardian's bond. Six breaches of the bond were assigned.

Appellants filed an answer in four paragraphs. The first paragraph was the general denial, and the fourth pleaded a settlement. The second and third paragraphs were partial answers, the second being addressed to the third and sixth alleged breaches of the bond, and the third paragraph being addressed to the fourth alleged breach thereof.

The court below sustained a demurrer to the second and third paragraphs of answer and this ruling is assigned as error.

A third error is assigned, that the court erred in overruling appellants' motion for a new trial. The two partial answers above referred to, in so far as they plead material facts, plead nothing that could not be shown under the general denial. No available error was committed by this ruling. No citation of authorities is necessary on a question settled as this is.

Eight reasons were assigned for a new trial, but of these only three are discussed, the fifth, sixth and seventh. The fifth and sixth challenge the action of the court in giving certain instructions. The questions sought to be presented are not before us in such shape that we can consider them. The instructions given by the court are fourteen in number, and no exception is taken to any one instruction as an entirety. Instead of writing on the margin of the instruction complained of, " given and excepted to," and having the same signed by the judge, the appellants prepared and had signed by the judge, and filed, a formal bill of exceptions setting out the particular instructions which they insist are erroneous.

An examination of the instructions given by the court, as shown by the record, discloses the fact, as above stated, that appellants do not object to any single entire instruction, but to two clauses, taken from the instruction numbered six.

It has been repeatedly held by this court that instructions are not to be judged by detached clauses or sentences, but as entireties. *Nicoles* v. *Calvert*, 96 Ind. 316; *Wright* v. *Fansler*, 90 Ind. 492; *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353; *Town of Rushville* v. *Adams*, 107 Ind. 475; *Indiana, etc., R. W. Co.* v. *Cook*, 102 Ind. 133; *Cline* v. *Lindsey*, 110 Ind. 337. These authorities, with many others, settle this as the rule, not only as to detached clauses and sentences, in any given instruction, but also as to each instruction given singly. The court will look to all the instructions given, and it is sufficient if taken together they

declare the law correctly. The instructions, taken as a whole, do state the law correctly.

The seventh and only remaining ground for a new trial was, that the court erred in refusing to give certain instructions asked by appellants. When the request for these instructions was made is not shown, save that it was at the trial of the cause. We are not informed, however, at what stage of the trial. The record also fails to show that they were signed by the parties asking to have them given, or by their attorneys. Unless they were presented before the argument began, and were signed, they were rightfully refused. *Puett* v. *Beard*, 86 Ind. 104; *Board, etc.,* v. *Legg*, 110 Ind. 479; *Hutchinson* v. *Lemcke*, 107 Ind. 121; *McCammack* v. *McCammack*, 86 Ind. 387, and many other cases that might be cited.

The presumption of regularity in the proceedings of the trial court requires the complaining party to show affirmatively that he was denied some right. *Puett* v. *Beard, supra.*

One good reason is sufficient to sustain the action of the trial court, but we will add, in addition to the reasons above given, its ruling was clearly right upon the ground that the instructions which appellants asked the court to give did not state the law correctly.

We find nothing in the record justifying a reversal of the judgment; on the contrary, judging from the record, the court below treated appellants with great fairness. Their counsel seem to have been able and skilful, and to have given them the full benefit of their skill and ability. They have had the benefit of two jury trials, each resulting in a verdict against them, one in the county of their residence, and one in a neighboring county to which the venue of the cause was changed on their motion.

It appears from the evidence that the money in the guardian's hands was pension money, due to appellee as a soldier's orphan, and if the evidence is to be believed the verdict was clearly right.

The judgment is affirmed, at appellants' costs, with ten per cent. damages.

