### No. 17,443.

## Newport v. The State.

CRIMINAL LAW.—*Crime of Degrees Charged.*—*Reasonable Doubt as to Degree of Guilt.*—*Should Convict of Lowest Degree.*—If, in a criminal action, there is in the minds of the jurors a reasonable doubt as to which of two or more degrees of the offense charged the defendant is guilty, he should be found guilty of the lowest degree. For instructions not misleading and not inconsistent with the foregoing principle of law, see opinion.

SAME.—*Presumption of Intention of Probable Consequences of Action.*— *Assault and Battery With Intent to Kill.*—A man is presumed, in law, to intend the natural and probable consequences of his own unlawful act; and, therefore, if one purposely shoots another with a deadly weapon, at or near a vital part, and in such a manner that death would probably ensue, the jury would be justified in believing or finding, all other elements of the crime concurring, that the defendant intended to kill the prosecuting witness, *i. e.*, they may so believe or find, even though death did not ensue, and the defendant stated that he did not intend to kill him. For instruction consistent with the foregoing principle, see opinion.

SAME.—*Presumption of Intention, etc.*—*Legal Effect of.*—*Instruction.*— In telling the jury what was the legal effect of such legal presumption, the court did not invade the province of the jury as to the force and weight of the evidence, *i. e.*, it does not invade the province of the jury where it does not undertake to measure the force and weight of the evidence, but does undertake to measure the force and weight of such legal presumption; and the duty of the court would not have been fully discharged by telling the jury that a legal presumption arose from certain facts, without giving them something like an accurate idea as to the force and weight of that presumption.

EVIDENCE.—*Province of Jury.*—*Instruction.*—What evidence proves, or tends to prove, after it has gone to the jury, is a question solely for the jury to determine, and it is error for the court to interfere with their decision upon this point, by instruction.

SUPREME COURT PRACTICE.—*Brief.*—*Waiver.*—*Argument.*—Errors not discussed by appellant in his brief are waived, and a simple allegation of error does not amount to argument.

From the Wayne Circuit Court.

*T. R. Jessup*, for appellant.

*W. A. Ketcham*, Attorney-General, *H. C. Starr*, *S. H. Spooner* and *M. Moores*, for State.

McCABE, C. J.—The appellant was convicted of an as-
sault and battery on one Hieger, with intent to commit
murder in the second degree, on an indictment charging
him with an assault and battery with intent to commit
murder in the first degree.

Pursuant to the punishment assessed by the jury,
the court sentenced him to six years' imprisonment in
the State prison and to pay a fine of $100, over his mo-
tion for a new trial.

The only proper assignment of error is the action of
the trial court in overruling appellant's motion for a new
trial.

The only ground stated in the motion and urged here
as error, is the action of the court in giving and refusing
certain instructions.

The first complaint is of the third instruction, which,
after the court had stated that the defendant might be
found guilty under the indictment of either the intent to
commit murder in the first or second degree or man-
slaughter, and defining these several crimes, then it reads
as follows:   "To convict the defendant of an assault and
battery with intent to commit the crime of voluntary
manslaughter, the evidence must prove beyond a reas-
onable doubt that the defandant committed an assault
and battery upon the person of John Frederick Hieger, as
charged in the indictment, and that at the time he did
so he was in a sudden heat or passion, produced by a
provocation given by said John Frederick Hieger, in the
use of personal violence by him upon his person, and,
being in such heat, he, by said assault and battery, with-
out malice, purposed and designed to kill said John
Frederick Hieger."

The objection urged against this instruction is that it
requires the defendant to prove the facts, beyond a reas-
onable doubt, necessary to reduce the grade of the offense

from that charged in the indictment to the lowest degree.

The statute, as well as the decisions of this court, require, when there is a reasonable doubt of which of two or more degrees of an offense a defendant is guilty, that he must be convicted of the lowest degree only. 1 Burns R. S. 1894, section 1893 (R. S. 1881, section 1824).

Had the indictment here contained nothing but a charge of assault and battery with intent to commit manslaughter, there could be no doubt that the part of the instruction quoted would not be erroneous, because in that case there could be no such thing as a reduction of the degree of the offense charged, since there would only be one degree charged. But the indictment here contained a charge of all three degrees, viz.: an assault and battery with intent to commit murder in the first degree, the same with intent to commit murder in the second degree, the same with intent to commit manslaughter, and a simple assault and battery. 1 Burns R. S. 1894, section 1903; *Dukes* v. *State*, 11 Ind. 557; *Carrick* v. *State*, 18 Ind. 409; *Powers* v. *State*, 87 Ind. 144; *Foley* v. *State*, 9 Ind. 363; *Gillespie* v. *State*, 9 Ind. 380; *Rose* v. *State*, 33 Ind. 167; *Wall* v. *State*, 23 Ind. 150; *State* v. *Throckmorton*, 53 Ind. 354.

Therefore, if the court, in giving this instruction, had exclusive reference to a case made by the evidence under that part of the indictment considered only charging an assault and battery with intent to commit manslaughter, the instruction, standing alone, could hardly be said to be erroneous. But there was another instruction given on the same subject removing all objection to the one now in question.

In *Rhodes* v. *State*, 128 Ind. 189 (194), this court said: "The settled rule is that instructions upon a single subject must be considered together, and not in frag--

mentary parts, and if, thus considered, they correctly declare the law, they will not be overthrown, even though detached or isolated parts may not be accurate or clear. If, therefore, the series of instructions upon the subject * * considered as a whole, are not erroneous the attack of appellant's counsel must fail."

To the same effect are *Boyle* v. *State*, 105 Ind. 469; *Kennedy* v. *State*, 107 Ind. 144; *Story* v. *State*, 99 Ind. 413; *Goodwin* v. *State*, 96 Ind. 550.

The fourth instruction was on the same subject as the part of the third, just quoted, and it concluded as follows: "If there is in your minds a reasonable doubt of which of two or more degrees of the offense charged the defendant is guilty, you should convict him of the lowest degree."

With these two instructions before the jury, we do not see how they could have been led into the mistake of supposing that the accused was required to prove the facts making the offense charged of the lower degree beyond a reasonable doubt. On the contrary, if they followed the instructions, they must acquit the accused of the higher degree or degrees, if they had a reasonable doubt of which of the degrees he was guilty. This was all he had a right to demand.

The sixth instruction is complained of, but no reason is suggested in argument why it is erroneous, and we perceive none.

The fifteenth instruction reads as follows: "The mere fact that death did not ensue, or the mere statement of the defendant that he did not intend to kill the prosecuting witness, would not justify the jury, in themselves alone, in finding that the defendant did not intend to kill the prosecuting witness. A man is presumed in law to intend the probable and natural consequences of his own unlawful act. If one purposely shoots another with a

deadly weapon, at or near a vital part, and in such a manner that death would probably ensue, all the other elements of the crime concurring, the jury would be justified in.believing that the defendant intended to kill the prosecuting witness, even if death did not ensue, and if the defendant himself claimed that he did not intend to kill him.''

The objection urged against this instruction is that it invades the province of the jury and directs them as to what weight they shall give to certain evidence.   They had already been instructed that they were the exclusive judges of the evidence, and its weight and force, and also of the law.   But another instruction taking that power away from them would not be cured by the former unless the latter was distinctly withdrawn.   *Binns* v. *State*, 66 Ind. 428; *Kingen* v. *State*, 45 Ind. 518; *Bradley* v. *State*, 31 Ind. 492.

What evidence proves or tends to prove, after it has gone to the jury, is a question solely for the jury to decide, and it is error for the court to interfere with their decision upon the weight of evidence, by instruction. *Guetig* v. *State*, 63 Ind. 278; *Veatch* v. *State*, 56 Ind. 584; *Greer* v. *State*, 53 Ind. 420; *Kintner* v. *State*, *ex rel.*, 45 Ind. 175; *Barker* v. *State*, 48 Ind. 163; *Reynolds* v. *Cox*, 11 Ind. 262; *Scott* v. *State*, 64 Ind. 400; *Steele* v. *Davis*, 75 Ind. 191; *Huffman* v. *Cauble*, 86 Ind. 591.

The first sentence of the instruction, ending at the first period, standing alone, and unconnected with the last sentence thereof, and disconnected with other instructions, would be seriously objectionable.   But it is our duty to ascertain the meaning of the whole instruction read together.

The learned counsel for appellant concedes that inasmuch as it was one of the instructions asked by the State, the court probably inadvertently overlooked the

bungling character of its construction.   This furnishes
a very poor excuse for the trial judge whose negligence
thus jeopardizes the ends of justice by permitting an
awkwardly framed instruction to go to the jury.   But if,
when the meaning of the whole instruction is ascertained,
it correctly states the law, there was no error in giving
it.   The same hand framed both parts of it, and the
same mind conceived the thought expressed in both
parts.   And both parts are directed to an attempted
statement of the law on one single point, namely, as to
the force and effect of the presumption of law arising
from the facts supposed.   The last part of the instruc-
tion is clearly right, because it informs the jury that a
man is presumed to intend the natural and probable con-
sequences of his own unlawful act, and, therefore, if one
purposely shoots another with a deadly weapon, at or
near a vital part, and in such a manner that death
would probably ensue, the jury would be justified in be-
lieving that the defendant intended to kill the prosecut-
ing witness, even though death did not ensue, and the
defendant stated that he did not intend to kill him.

The statement that the jury would be justified in be-
lieving that the defendant intended to kill, etc., is noth-
ing more than saying the jury may so find or believe.
That does not invade their province of being the exclusive
judges of the evidence and the weight and force to be
given to the whole evidence.   It would be contrary to
all rules for the construction of writings or written in-
struments to hold that the author of such writing meant
to convey inconsistent and contradictory ideas upon the
same point in the two parts of the writing.   On the con-
trary, those rules require us to hold that the same idea
was intended to be expressed in both parts of the instruc-
tion.   In other words, it is apparent that the latter part
of the instruction was intended to amplify and make

more clear what was intended in the first part. That is, it should be construed as if the court had said after the first part: That is to say, a man is presumed in law to intend the probable and natural consequences of his own unlawful act. If one purposely shoots another with a deadly weapon, at or near a vital part, and in such a manner that death would probably ensue, all other elements of the crime concurring, the jury would be justified in believing that the defendant intended to kill the prosecuting witness, even if death did not ensue, and if the defendant himself claimed that he did not intend to kill him.

In *Union Mutual Life Ins. Co.* v. *Buchanan,* 100 Ind. 63, at page 71, the construction and correctness of a single instruction was involved, which reads as follows:

"19. But the fact that the plaintiff may have suffered a long period of time to elapse without making demand or bringing suit for the alleged items of indebtedness for which he sued, is susceptible of various explanations consistent with the hypothesis of the justness of his claim, and it is for you to say whether or not the plaintiff has offered one that is satisfacfory or not."

The instruction was held not to invade the province of the jury.

In *Wright* v. *Fansler,* 90 Ind. 492 (494), another single instruction came under review, where it was said: "In the eighth instruction, the court correctly stated the elements which should be considered in estimating the damages, and added: 'You are only limited in extent by the amount demanded by the plaintiff in his complaint, which is $5,000; beyond which you can not go; but you may, if you see proper, find in a much less sum; in fact you may find in any sum from one cent to $5,000.' Appellant singles out the first clause of the first sentence

and urges several objections against it. This course is not permissible. Instructions are not to be judged by detached clauses or sentences, but are to be taken as entireties, and if correct when thus considered, they will be upheld. We have no doubt that the instruction under immediate mention, taken as it must be as a whole, correctly stated the law to the jury."

In *White* v. *Beem*, 80 Ind. 239 (242), it is said: "It is settled by repeated decisions that the instructions must be taken as a whole; and if, so taken, they express the law correctly, they will be upheld, although they may contain some slight inaccuracies. The appellant selects one or two sentences from the charge of the court and assails them with much energy, and, it must be said, with much force. If, however, counsel were entirely correct in their objections to detached parts of the instructions, it would not entitle them to a reversal, if the instructions, regarded as a whole, are correct."

To the same effect is *Eggleston* v. *Castle*, 42 Ind. 531.

In *Craig* v. *Frazier*, 127 Ind. 286 (287), it is said: "An examination of the instructions given by the court, as shown by the record, discloses the fact, as above stated, that appellants do not object to any single entire instruction, but to two clauses, taken from the instruction numbered six. It has been repeatedly held by this court that instructions are not to be judged by detached clauses or sentences, but as entireties." Citing *Nicoles* v. *Calvert*, 96 Ind. 316; *Wright* v. *Fansler*, *supra;* *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353; *Town of Rushville* v. *Adams*, 107 Ind. 475; *Indiana, etc., R. W. Co.* v. *Cook*, 102 Ind. 133; *Cline* v. *Lindsey*, 110 Ind. 337.

In *Anderson* v. *Anderson*, 128 Ind. 254 (258), it is said: "Appellants do not complain of any entire instruction, but find fault with one sentence in instruction number 16, and one word in instruction number 16½.

Instruction number 16 strikes us as being, when all read together, quite favorable to appellants, and as containing nothing objectionable. At all events the law is well settled that instructions are not to be judged by detached clauses or sentences, but as entireties. *Craig* v. *Frazier*, 127 Ind. 286."

In *Nicoles* v. *Calvert*, *supra* (318), it is said: "The appellant separates from the body of the sixth instruction, given by the court, a fragment thereof, which he assails. It has been held by this court that 'instructions are not to be judged by detached clauses or sentences, but are to be taken as entireties, and if correct when thus considered, they will be upheld.' *Wright* v. *Fansler*, *supra*. The instruction, considered as an entirety, was not erroneous."

To the same effect are *Conrad* v. *Kinzie*, 105 Ind. 281; *Louisville, etc., R. W. Co.* v. *Shanklin*, 98 Ind. 573; *Evansville, etc., R. R. Co.* v. *Talbot*, 131 Ind. 221.

We therefore conclude that we are justified, by the foregoing authorities, in holding that the substance and evident meaning conveyed to the jury by the instruction is that a man is presumed, in law, to intend the natural and probable consequences of his own unlawful act, and, therefore, if one purposely shoots another with a deadly weapon, at or near a vital part, and in such a manner that death would probably ensue, the jury would be justified in believing or finding that the defendant intended to kill the prosecuting witness; that is, they may so believe or find, even though death did not ensue, and the defendant stated that he did not intend to kill him.

That is a correct statement of the law. *Shinn* v. *State*, 68 Ind. 423.

The deliberate use of a deadly weapon in the manner supposed in the instruction raises a legal presumption of an intent to kill. *McDermott* v. *State*, 89 Ind. 187;

*Murphy* v. *State,* 31 Ind. 511; *Bradley* v. *State,* 31 Ind. 492; *Clem* v. *State,* 31 Ind. 480; 1 Bish. Crim. Proced., sections 1096–1100; 19 Am. and Eng. Encyc. of Law, 38–58; 11 Am. and Eng. Encyc. of Law, 377, 378, and authorities there cited.

It was the duty of the court to instruct the jury properly as to such presumption. Such presumption may not have been conclusive, but it was a legal presumption, and not evidence. And, in telling the jury what was the legal effect of the legal presumption, the court was not invading the province of the jury as to the force and weight of evidence. And when the court told them that on account of said presumption they would be justified in believing that the defendant intended to kill the prosecuting witness, even though death did not ensue, and though the defendant stated that he did not intend to kill him, there was no attempt to prescribe the weight to be given to the statement of the defendant, even if that was as a witness, nor to the fact that death did not ensue, but rather to define and measure the weight and force they would be justified in giving to the legal presumption.

The court, in the twentieth instruction, told the jury that the law allows a defendant in a criminal case to be a witness in his own behalf, and that the appellant had availed himself of that privilege, and has testified before you. This testimony (the court said) should be considered by you along with all the other testimony in the case, and you have no right to disregard it or refuse to give it any weight on the mere ground alone that it comes from the defendant. This sufficiently guarded the appellant's testimony from impairment through any possible misunderstanding of the fifteenth instruction on the part of the jury. Appellant's contention can not be maintained.

It amounts to this: A man fires a loaded revolver at another, directly aiming at his heart, the leaden ball is only turned away from the heart by glancing on a rib, inflicting a serious wound, without causing death. On a trial for the offense, the accused makes the naked statement that he did not intend to kill the person injured. The contention here would deny the right of the court, in such case, to tell the jury what the legal presumption arising from these facts is, and that by force of that legal presumption they would be justified in believing that the accused intended to kill, notwithstanding his statement that he did not so intend.

As before observed, such an instruction does not undertake to measure the force and weight of the evidence of the accused, but does undertake to measure the force and weight of a legal presumption. That was matter of law, and while the jury were the judges of both the evidence and the law of the case, yet the law imposed the duty on the court of telling them what the law was. That duty would not have been fully and completely discharged in this case by simply telling the jury that a legal presumption arose from certain facts, without giving them something like an accurate idea as to the force and weight of that presumption. The jury could not be supposed to know that without information, any more than any other principle of law involved in the trial.

While the instruction is not a model, and belongs to that class that should not be repeated, we are of opinion that the court did not err in giving the instruction in this particular case.

The alleged error in refusing certain instructions is not discussed in the brief of appellant's counsel except as to the fifth, and the only argument in its support in the brief is the statement that it "was fair, and should have been given." This is not a brief, and, according to the

cases in this court, too numerous to cite, the appellant must be deemed to have waived the error, if any there was, in refusing his instructions.

Judgment affirmed.

HACKNEY, J., was absent.

