Deilks *v.* The State.

Filed April 5, 1895.

———————◆———————

No. 17,324.

## DEILKS *v.* THE STATE.

CRIMINAL LAW.—*Self-Defense.—Instructions.—Relief.*—Where the defense is self-defense, an instruction that "if a person assaulted, being himself without fault, reasonably apprehends death or great bodily harm unless he kills his assailant, the killing is excusable, and if you believe the defendant was assaulted by deceased in such a manner as to cause him to believe, and he did believe, that he was in imminent danger of losing his life or suffering great bodily harm at the hands of deceased unless he killed him, and while so believing he killed the deceased, he is entitled to an acquittal," is not erroneous.

SAME.—*Failure to Use Phrase "Beyond Reasonable Doubt" in Instruction.*—It is no objection to an instruction defining what must be proven in order to find the accused guilty of the offense charged, that it used the phrase "if you believe" instead of "if you believe beyond a

reasonable doubt," if the court has in other instructions fully defined the rule of reasonable doubt, and the individual responsibility of each juror.

SAME.—*Use of Deadly Weapon.*—*Inferring Design to Kill.*—It is not error to instruct the jury that "if an act be perpetrated with a deadly weapon, so used as to be likely to produce death, the purpose to kill may be inferred from the act."

SAME.—*Self-Defense.*—*Instructions.*—*Defendant Must be Without Fault.*— An instruction asked stating the law of self-defense should be refused if it fails to use the qualifying phrase "if the defendant was without fault," or one of the same meaning.

SAME.—*Self-Defense.*—*Question Calling for Defendant's Belief.*—*Assuming in Questions Accused's Basis of Belief.*—On a charge of homicide, where self-defense is urged, it is proper to ask the accused when on the witness stand what his belief was, at the time he killed the deceased, concerning whether or not he was in danger of receiving great bodily harm; but it is not proper to assume in such questions a state of facts upon which he is supposed to have founded his belief.

INSTRUCTIONS.—*Correct Instructions Misleading Jury.*—*Refusal.*—*Invading Province of Jury.*—It is not proper to give the jury an instruction, although correct, that will mislead them, nor one stating propositions which it is the exclusive province of the jury to determine.

SAME.—*Construing Together as a Whole.*—All the instructions given must be construed together in determining whether or not they state the law.

From the Franklin Circuit Court.

*F. M. Alexander*, for appellant.

*W. A. Ketcham*, Attorney-General, *S. H. Spooner* and *G. L. Gray*, Prosecuting Attorney, for State.

MONKS, J.—The appellant was tried by a jury and found guilty of manslaughter, on an indictment charging him with murder in the first degree. The jury assessed the punishment of appellant at imprisonment in the State prison for twenty years, and, over a motion for a new trial, the court rendered judgment on the verdict.

The reasons urged for a reversal are that the court erred in giving to the jury each of instructions twenty, twenty-one, and twenty-two; that the court erred in re-

fusing to give to the jury each of instructions four, six, and seven, as requested by appellant.

The part of the twentieth instruction complained of is as follows: "If a person assaulted, being himself without fault, reasonably apprehends death or great bodily harm unless he kills his assailant, the killing is excusable, and if you believe that the defendant was assaulted by deceased in such a manner as to cause him to believe, and he did believe, that he was in imminent danger of losing his life or suffering great bodily harm at the hands of the deceased unlesss he killed him, and while so believing he killed deceased, he is entitled to an acquittal."

The objection urged to this instruction is that it was not required that appellant should have believed it necessary to kill the deceased in order to excuse him for so doing. This objection to the instruction is not well taken, for the reason that it does not require that the appellant should have believed it necessary to take the life of the assailant. The instruction states that if he did so believe, etc., the killing was excusable.

This instruction has often been approved by this court. *McDermott* v. *State*, 89 Ind. 187; *Presser* v. *State*, 77 Ind. 274; 1 Bish. Crim. Law, section 865; *Runyan* v. *State*, 57 Ind. 80.

The only objection urged to the twenty-first instruction is that the court did not use the words, "if you believe beyond a reasonable doubt," but instead used the words, "if you believe."

The court in at least five instructions gave full and correct and complete information as to every phase of the rule of reasonable doubt and as to the individual responsibility of each juror.

It is a well settled rule that instructions are to be taken together and if when so taken they state the law

correctly they will be sustained. *Newport* v. *State*, 140 Ind. 299; *Goodwin* v. *State*, 96 Ind. 550; *Louisville, etc., R. W. Co.* v. *Jones*, 108 Ind. 551 (567).

This instruction, when considered in connection with the other instructions given, is not open to the objection urged.

The twenty-second instruction is as follows: "If an act be perpetrated with a deadly weapon, so used as to be likely to produce death, the purpose to kill may be inferred from the act." There was no error in giving this instruction. *Newport* v. *State, supra; Boyle* v. *State,* 105 Ind. 469; *Murphy* v. *State,* 31 Ind. 511.

The fourth and fifth instructions, which appellant requested the court to give the jury, were an attempt to state the law of self-defense, but were fatally defective for the reason that each failed to use the qualifying statement, "if the defendant was without fault."

It is established law that the man who takes another's life must be himself without fault, or he can not go acquit upon the ground of self-defense. It is proper for the trial court to use this qualifying statement, or one of the same meaning. *McDermott* v. *State, supra; Story* v. *State,* 99 Ind. 415; *Deal* v. *State,* 140 Ind. 354.

The seventh instruction requested by appellant was properly refused for the reason that the law of self-defense was stated in such manner as would probably mislead the jury. It was not definite, or full enough in its terms, and stated propositions which it was the exclusive province of the jury, and not of the court, to determine.

It is next insisted by appellant that the "court erred in sustaining the objection of the State to the following question, and refusing to permit an answer thereto." "From what you know of the character of the deceased for quarrelsomeness and for fighting, and for being a dangerous man, and from threats that he made against

you and to you, and which were communicated to you, and from the nature of the attack made upon you at the time you cut him with the knife, what was your belief as to whether or not you was in danger of receiving great bodily harm?''

The defense attempted to be made by appellant was that he acted in self-defense, and it was proper to ask appellant, when testifying in his own behalf, to state what his belief was at the time he cut the deceased with the knife as to whether or not he was in danger of receiving great bodily harm, such a question had been propounded to and answered by appellant before the question to which the court sustained the objection had been asked. It was not proper to assume in the question a state of facts upon which appellant is supposed to have founded his belief.

The action of the court in sustaining the objection to the question was correct. The appellant was permitted to testify fully as to his intention and belief at the time the fatal wound was inflicted, and has no just cause of complaint as to any ruling of the court on questions of the admissibility of evidence.. Much evidence was given in his behalf, which the court could have excluded without error.

It is urged that the verdict is not sustained by sufficient evidence, and is contrary to law.

There was evidence given at the trial of the cause sustaining every material allegation in the indictment. The fact that the evidence is conflicting, or even if it were conceded that the verdict is against the preponderance of the evidence, this court would not be authorized to reverse the cause for that reason. *Deal* v. *State, supra,* and authorities cited.

There is no error in the record.

Judgment affirmed.

Filed April 5, 1895.