## PRICE *v.* LONN.

[No. 4,435. Filed October 8, 1903.]

BILLS AND NOTES.—*Guarantor.*—*Indorser.*—*Instruction.*—In an action against one whose *prima facie* liability is that of a guarantor, an instruction to the jury that if they shall find from the evidence that defendant placed his name upon the back of the note merely as an indorser, they must find for the defendant, is erroneous; it being necessary that the jury also find, in addition to the fact that the appellee was an indorser, some valid defense releasing him from liability. *pp. 382, 383.*

SAME.—*Action on Note.*—*Instruction Not Within the Issues.*—In an action to recover the amount of a promissory note from one whose *prima facie* liability is that of a guarantor, an instruction to find for the

defendant, if the evidence showed that it was agreed when the note was signed that the defendant should not be held liable, is erroneous, where no such defense was pleaded. *pp. 382, 383.*

From Laporte Circuit Court; *J. C. Richter*, Judge.

Action by Gideon A. Price against J. O. William Lonn. From a judgment for defendant, plaintiff appeals. *Reversed.*

*M. R. Southerland* and *R. C. Busse*, for appellant.

*E. E. Weir*, *L. Darrow* and *E. H. Garnett*, for appellee.

HENLEY, J.—Appellant commenced this action against appellee upon a promissory note. The note was an Illinois contract, and, as such, governed by the laws of that State. The note was dated August 2, 1899, signed by the Juniper Remedy Company, and was payable to the order of the Schroeter Manufacturing Company on demand. J. O. William Lonn indorsed the note before its delivery by writing his name across its back. Afterward it was assigned and indorsed by the Schroeter Manufacturing Company to appellant. Appellee's answer was in five paragraphs. In the first paragraph of answer it is alleged that the note was signed under a special agreement with the payee that the appellee was to be held as an indorser and not as a guarantor. The second paragraph is a verified general denial. The third paragraph alleges that appellee indorsed the note for the accommodation of the maker of the note, the payee having full knowledge of the same, and of the further fact that there was no consideration for the acceptance or indorsement of said note going to or received by appellee, and that appellant received the note long after its maturity, with full knowledge of all said facts. The fourth paragraph alleges that appellee did not execute the note sued on in the capacity of guarantor, but that he signed the same under an agreement that he should be held only as an indorser, and that

under the law of Illinois, as set out in said answer, he is discharged because the note was not protested for non-payment, and notice of the protest and nonpayment given to the indorser. The fifth paragraph of answer averred that the law of the state of Illinois, where the note sued upon was executed, as expressed by the decisions of the supreme court of said state in relation to notes of the character sued upon in this action, was that the date of the execution of said note, and now is, as follows, to wit: That notes payable on demand mature and become due immediately upon delivery; that the statute of limitations commences to run against the same on the date of execution; that to protect a person taking a note payable on demand, against equities, such person must take the same within a reasonable time after its execution; that the person so taking it, whether by indorsement or delivery, takes the same dishonored; that any time in excess of thirty days is an unreasonable time within which a note payable on demand, and under the decisions of the supreme court of Illinois, can be taken, without the same being dishonored; that in all cases where diligence is not used in the presentment of such note, and the same is dishonored, the guarantor is discharged, if injury and damage results by reason of the laches of the holder; that, under the laws of the state of Illinois, a guarantor who is compelled to pay a note for his principal has a right of action against his principal for the money so paid; that the note sued on in this action was delivered on the date of its execution, as shown by the date on the face of the same; that no demand was made of this defendant for the payment of the same for more than six months after its delivery; that the appellant did not obtain the same for more than six months after its execution; that at the time of the execution of this note the principal on the note, to wit, the Juniper Remedy Company, was solvent and abundantly able to pay all of

its debts; that since the execution of this note, and before the commencement of this action, but at a period of more than thirty days after the execution of said note, the Juniper Remedy Company became insolvent, and had no property subject to execution out of which any claim against it could be made; that at the time the plaintiff took and accepted said note from the Schroeter Manufacturing Company the same was dishonored; that by reason of the failure of the Schroeter Manufacturing Company to present said note to the Juniper Remedy Company within a period of thirty days from the date and delivery of the same (appellee) was rendered unable to make his claim out of the Juniper Remedy Company; and that by reason of all the facts hereinabove set forth appellee is, under the laws of the state of Illinois, fully and finally discharged from liability of said note. Each paragraph was attacked by demurrer. The ruling of the trial court in holding sufficient each of the first, third, fourth, and fifth paragraphs of answer is assigned as error.

It is conceded that under the law of Illinois the liability of appellee in this case was *prima facie* that of a guarantor, and that he could be sued without joining any of the other parties to the instrument as defendants. The brief abstract of each paragraph of the answer shows the defenses relied upon, and the issues presented. We do not deem it important to discuss any question arising upon the pleadings. The judgment of the trial court must be reversed because of an erroneous instruction.

Under the assignment of error that the trial court erred in overruling appellant's motion for a new trial, it is contended that the following instruction given by the court to the jury is erroneous, viz.: "The court instructs the jury, as a matter of law, that if they find from all of the evidence that at the time the defendant J. O. William Lonn placed his name on the back of the note sued on, it was agreed that he signed it as indorser, or if it was agreed

that the defendant J. O. William Lonn was not to be held liable for the payment of the amount of the note, then the jury should find for the defendant." Even if the jury, under the evidence, could have found that appellee was an indorser of the note sued upon, that fact alone would not have relieved appellee from liability. It was necessary that the jury also find, in addition to the fact that the appellee was an indorser, some valid defense releasing him from liability as such indorser. The latter part of the instruction is also bad. There could have been no evidence admissible under the issues presented to which this part of the instruction would be applicable. No one of the defenses presented by the answers is based upon an agreement that at the time the note was signed the parties agreed that J. O. William Lonn should not be held liable in any way. The instruction is not within the issues, and it is not within any evidence admissible under the issues.

The jury may have accepted the testimony of appellee that it was agreed at the time of the execution of the note that he was not to be held in any capacity thereon, and, under the instruction of the court, returned a verdict in his favor. The case of *Shirk* v. *Mitchell,* 137 Ind. 185, 196, is very much in point here. The Supreme Court in that case say: "It is quite apparent that the last two instructions are not applicable to any evidence which was admissible under the issues in this case. It is established by a long line of decisions that a party must recover, if at all, upon the facts stated in his pleadings. It would be dangerous practice, subversive of legal principles, to permit a party to plead that a note was executed for the purchase money of an engine, and make no complaint as to the fairness of the transaction of purchase, and then defeat the action by proof that he had been induced to enter into such contract through the fraud of the seller. As answer of fraud is essentially and radically different from an answer of breach of warranty, and there

is nothing in the answer or cross-complaint in controversy which would give the appellants an intimation, before the trial, that the fairness of the transaction, in which Michener sold the engine to the appellees and they executed their notes, would be questioned. The case should have been tried upon the issues made by the pleadings. 'It has often been decided that every pleading must proceed upon some single, definite theory, and that a party must stand or fall upon the theory of his case as he presents it in his pleadings.' "

The jury, under the evidence introduced in support of the issue made by the complaint, the fifth paragraph of answer, and reply thereto, might have properly returned a verdict in appellee's favor, but we have no way of determining from the record whether or not the verdict is based upon the issue supported by the competent evidence.

Other alleged errors discussed by counsel may not appear upon another trial of this cause.

The motion for a new trial ought to be sustained. Judgment reversed, with instruction to the trial court to sustain appellant's motion for a new trial.