ALLYN v. BURNS.

[No. 5,507. Filed January 26, 1906.]

1. TRIAL.—*Instructions.*—*Applicability of, to Pleadings and Evidence.*—Instructions requested must be shown to be applicable not only to the pleadings but also to the evidence. p. 227.

2. SAME.—*Instructions.*—*Sales.*—*Conditional.*—*Return.*—An instruction refused, that if defendant did not return a wind pumping outfit within a reasonable time his right to return same would be forfeited and the sale would be absolute, is not applicable where the evidence showed that plaintiff was to retake such outfit if, on a sixty-day trial, it did not satisfy defendant. p. 227.

3.  SALES.—*Conditional.*—*Notice of Rejection.*—Where plaintiff sold to defendant, on a sixty-day trial, a wind pumping outfit, and defendant within such sixty days notified plaintiff that it was unsatisfactory, no sale was perfected.    p. 228.

4.  SAME.—*Conditional.*—*Damages.*—*Responsibility for.*—Where plaintiff erected on June 16, a wind pumping outfit, the defendant to pay for same if satisfactory at the end of a sixty-day trial, and on August 15, defendant gave plaintiff notice that it was unsatisfactory, defendant is not liable, in the absence of wilful misconduct, for damages to such outfit occurring in December.    p. 228.

5.  TRIAL.—*Instructions.*—*How Considered.*—The court is not required to state in one instruction the complete law of the case, but if the instructions considered in their entirety fairly present the case to the jury, there is no available error.    p. 229.

6.  SAME.—*Instructions Refused Covered by Those Given.*— Where refused instructions are covered by those given, no error is shown.    p. 231.

From Wells Circuit Court; *Edward C. Vaughn,* Judge.

Action by William R. Allyn against William F. Burns. From a judgment for defendant, plaintiff appeals.    *Affirmed.*

*Todd & Gordon* and *Dailey, Simmons & Dailey,* for appellant.

*Levi Mock, John Mock* and *George Mock,* for appellee.

MYERS, J.—Appellant instituted this action against appellee to collect the contract price for a wind pumping outfit.    The cause was tried upon an amended complaint in three paragraphs.    The first and second paragraphs are based upon a written order made part of each paragraph by exhibit.    The order is as follows:

"Poneto, Indiana, May 23, 1902.

W. R. Allyn.
Ship to Frank Burns at Poneto.
How ship.  Freight.  When.  At once.
Terms.  Cash on sixty days trial.
1 25 ft. Tower, steel.
1 Acme Regulator.

1 Dewey Fountain.
30 feet, 1 inch Pipe.
20 feet, 1½ inch pipe.
For Force Pump and fitting Ext.

$75.00

W. F. Burns. 6.15

W. R. Allyn.

B. Thompson."

The first paragraph alleges the delivery on the premises of appellee, on June 12, 1902, of all the material called for by the order, and out of said material appellant constructed for appellee a wind pumping outfit; that appellee took and retained possession of the same, used and accepted the same, after giving it sixty days trial, but has refused to pay therefor; that the contract price for said pump is past due and wholly unpaid, and judgment is demanded.

The second paragraph alleges that appellee, in writing, ordered from appellant certain materials, out of which appellant was to erect for appellee on his premises a wind pump, on sixty days' trial, and for which appellee agreed to pay appellant $81.15; that, on June 12, 1902, pursuant to such order, appellant delivered on the premises of appellee the goods so orderd, and erected thereon a wind pump; that appellee took possession and accepted the same, after giving it sixty days trial, and thereafter used the same, for the purpose of pumping water for his live stock, until December, 1902, "when he, by himself and through his agents, pulled out the bolts that supported one side of the mill and let the same fall down, and thereby broke said mill to pieces and rendered it worthless." Said paragraphs also aver the amount due, and appellee's failure and refusal to pay the same.

The third paragraph counts upon an indebtedness due appellant from appellee for goods and merchandise sold and delivered by appellant to appellee, to be paid for in cash on sixty days' trial, and upon the fact that appellee'

accepted and used the same after sixty days' trial; it also avers the amount due, and appellee's refusal to pay the same.

Appellee answered this complaint in two paragraphs. The first, a general denial, and the second alleges that the contract mentioned in the complaint was a parol contract; that by the terms of the contract appellant agreed to erect a wind pump on the premises of appellee out of the material mentioned in the written order filed with the complaint; that after sixty days' trial of said pumping outfit—the same being satisfactory to appellee—he was to pay for the same; that by said agreement appellant was to erect a tower twenty-five feet high, also a fourteen-barrel tank; that the derrick should be good and substantial; that a good pump should be furnished, one with sufficient capacity to furnish water for the stock of appellee; that appellee knew and was shown the place where the pump was to be erected; that the water-pipe was to be placed under ground; that the pumping outfit was to be in all respects equipped and work as well as a pump owned by one Stahl, which was known both to appellant and appellee at the time the agreement was made; that appellee had no knowledge of wind pumps; that appellant, in violation of his agreement, (1) erected a tower only twenty-one feet high, (2) erected a tank the capacity of which was only eleven barrels, (3) erected a derrick which was slender, inferior, unsubstantial and worthless, (4) furnished a pump which was inferior and worthless, (5) furnished a pump which was not of sufficient capacity to supply water for the stock of appellee, (6) laid the water-pipe above ground. Appellee further alleges that he gave the pumping outfit an honest and fair trial, and was not satisfied therewith, and never accepted the same; that on August 15, 1902, he notified appellant in writing and verbally that he would not accept the pumping outfit, that it was not satisfactory, and ordered him to remove the same from his premises, as he had

agreed to do; that appellant failed to remove the same. To this affirmative answer appellant replied in general denial.

The issues thus formed were submitted to a jury for trial, resulting in a general verdict for appellee. Appellant thereupon filed a motion for a new trial, which the court overruled, and judgment was rendered in favor of appellee for costs.

Appellant prosecutes this appeal to this court, and assigns as error the overruling of his motion for a new trial.

(1) Appellant by his assignment of errors presents for review the ruling of the court in refusing to give certain instructions by him requested, and the action of the court in giving to the jury certain instructions which he insists are erroneous. Instruction number seven, tendered and refused, reads as follows: "I instruct you that where a sale of machinery is made reserving to the buyer the right to return the property if it does not prove satisfactory, or is worthless as a pumping oufit, if the buyer retains the property and fails to return it within a reasonable time, the right to return is thereby forfeited, and the sale becomes absolute like any other sale." Appellant insists that this instruction is relative to the first paragraph of his complaint, and for that reason should have been given. Because the instruction was relative to some paragraph of the complaint is not alone sufficient to warrant the court in submitting it to the jury; for, without some evidence to which it was pertinent relative to such issuable facts, there would be a lack of one of the essential elements necessary to its support. *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25; *Abbitt* v. *Lake Erie, etc., R. Co.* (1898), 150 Ind. 498; *Price* v. *Lonn* (1903), 31 Ind. App. 379.

This instruction places the duty on the buyer to return the property within a reasonable time if it should not prove satisfactory. From the evidence it appears that Ernest Thompson acted for appellant in making the contract with appellee, and from his testimony

on the subject we take the following: "I said that, in the event the mill did not equal or was better than the best, Mr. Allyn should take it down and take it away at his own expense." Appellee testified that "He [Thompson] was to put that mill up there on sixty days' trial, and at the expiration of sixty days, if I was not satisfied with it, they were to remove it at their own expense." On the question of whose duty it was to return the mill in case it did not prove satisfactory to appellee, we have not been referred to any other evidence than that above given. Nor do we find any other in the record. Therefore, as the instruction requested was not pertinent to the evidence, the court did not err in refusing to give it.

The contract proved gave the proposed buyer sixty days within which to make a decision to keep or reject the property, and a notice by him to the seller of such decision within that time was sufficient. The buyer was compelled to act within that time if he declined to take it. The time being fixed, it was not a question of reasonable time, and therefore for this additional reason the instruction was properly refused. *Hickman* v. *Shimp* (1885), 109 Pa. St. 16; Tiedeman, Sales, §213.

(2) Instructions numbered nine, ten and eleven, requested by appellant and refused by the court, are to the effect that where goods are purchased on approval and the same are materially damaged while in the possession of the proposed buyer, the sale becomes absolute, and the buyer's right to reject the goods is lost. If there was any evidence in the record which would tend to bring this cause within that line of cases called "sale or return," then these instructions might be germane to the case at hand, but from the evidence heretofore quoted, and the further undisputed evidence that the mill was erected on appellee's premises June 16, 1902, that the damage complained of was caused by the mill's falling down sometime in the month of December thereafter, that appellant

on August 15, 1902, and within the sixty days allowed for trial gave appellant notice, both verbally and in writing, that the mill was not satisfactory, that it was worthless, that he would not pay for it, and requested appellant to remove the same from his premises, warrants the conclusion that this case is within the class designated by the books as a "sale on trial," or "a sale upon condition precedent;" and, this being true, it follows that appellee could only be held liable for the loss or damage to the property caused by his negligence during the time it was in his possession on trial. Loss from any other cause would fall on the vendor, the title being in him. Tiedeman, Sales, §213. In the case at bar the damage to the mill occurred more than three months after the end of the time given for trial, and more than three months after notice by appellee to appellant to remove it. True, appellee permitted the mill to remain on his premises after the time allowed for trial, but mere acquiescence alone is not sufficient under the facts proved to impute to appellee an acceptance of the mill or any liability to pay for the same, in the absence of any evidence tending to prove a wilful purpose to cause the injury. There was no error in refusing the instructions.

(3) Appellant contends that instructions numbered three, five, seven, eight and eleven, given to the jury at the request of appellee, were erroneous; that the first four should not have been given, for the reason that each omits "from the consideration of the jury the inference that might be drawn from the exercise of dominion over the mill and pump by the defendant inconsistent with ownership in the plaintiff and consistent only with title, as well as possession in itself, after the expiration of the sixty days given for the trial of the property," and that number eleven is defective and erroneous because it does not inform the jury as to the effect of the continued use of the mill after the expiration of sixty days' trial, with knowledge of its imperfections, if they existed, and because

it gave no direction as to the effect of damage to the property while in appellee's possession. The trial court is not required to give all the law applicable to the case in hand in one instruction. But, in the consideration of the instructions given the jury, they are to be considered as "an entirety, and not separately or in dissected parts," and when so considered if they state the law correctly, it can not be said that the jury was misled, although a particular instruction when standing alone and unexplained and unmodified by others may be erroneous. *Shields* v. *State* (1897), 149 Ind. 395; *Citizens St. R. Co.* v. *Hamer* (1902), 29 Ind. App. 426.

The court on its own motion, by instruction number one, told the jury that "if the defendant, after giving notice that he would not accept the windmill, still continued to use the same, with full knowledge of its defects and imperfections, if it was defective or imperfect, such use would amount to an acceptance. However, you are to determine from all the evidence whether the defendant did or did not use said windmill after he served notice that he would not accept the same." Also by instructions five and six, tendered by appellant and given by the court, the jury were instructed that if they found from the evidence that after the expiration of sixty days' trial appellee continued to use the windmill and pump in watering his live stock, with knowledge of the imperfections of the mill and pump, such continued use of the same "would constitute an unequivocal act of acceptance thereof, and he would be bound to pay for the same the amount of the contract price agreed upon," that an acceptance by the buyer was absolutely binding and conclusive upon him, and that the continued use of the mill and pump "after the expiration of the sixty days provided for in the contract would constitute an acceptance of the property, which no mere words could qualify."

Funk v. State, ex rel.—37 Ind. App. 231.

These instructions clearly informed the jury as to the legal effect of appellee's use of the mill and pump after the expiration of the time for trial, as well as the

6. force and effect of an acceptance of the mill, and left it to the jury to determine the fact. Construing these instructions with the instructions claimed to be erroneous, we can not see how the jury could have been misled by reason of any objections pointed out in the instructions now under consideration. The criticisms offered against these instructions are in reality that they are incomplete; yet, if this be true, we would not be at liberty to reverse the judgment on that account, because it fully appears from the other instructions given that these defects, if any, were fully cured. *Johnson* v. *Gebhauer* (1902), 159 Ind. 271; *Aspy* v. *Botkins* (1903), 160 Ind. 170; *Chicago, etc., R. Co.* v. *Spilker,* (1893), 134 Ind. 380; *Mendenhall* v. *Stewart* (1897), 18 Ind. App. 262; *Lake Erie, etc., R. Co.* v. *McHenry* (1894), 10 Ind. App. 525.

After a careful consideration of the record in the case at bar we find no available error. Judgment affirmed.