## ALEXANDER *v.* BLACKBURN.

[No. 22,078.   Filed June 5, 1912.]

1. BILLS AND NOTES.—*Pleading.—Answer of Non Est Factum.— Burden of Proof.—*In an action against the cosurety on a promissory note, defendant's verified answer, denying the execution of the note by him, placed the burden on plaintiff to prove by a fair preponderance of the evidence that the signature was that of the defendant. p. 68.

2. APPEAL.—*Review.—Verdict.—Sufficiency of Evidence.—*Where there was some evidence to support an answer denying the execution of a note, a verdict for defendant will not be disturbed. p. 68.

3. TRIAL.—*Argument of Counsel.—Use of Magnifying Glass by Jury in Examining Signatures.—*In an action against a cosurety on a promissory note for contribution, where the execution of the

note was denied by defendant, it was not error to permit the jury, during the argument of counsel, to examine, with a magnifying glass, the signatures used in evidence as a basis of comparison. p. 68.

4. TRIAL.—*Instructions.*—*Error Cured by Other Instructions.*— Though an instruction, taken alone, was erroneous, the cause will not be reversed where the instructions as a whole correctly and fairly informed the jury as to the law. p. 68.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by George W. Alexander against Joseph B. Blackburn. From a judgment for defendant, the plaintiff appeals. ,(Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*James V. Kent* and *Thomas M. Ryan,* for appellant.
*John W. Strawn* and *Wm. Robinson,* for appellee.

SPENCER, J.—This was an action brought by appellant against appellee, his alleged cosurety, on a certain promissory note, for contribution. The issues were made up by plaintiff's complaint in one paragraph, to which defendant filed his verified answer in two paragraphs. The first was a general denial. The second denied the execution of the note paid by plaintiff. Trial by jury. Verdict for defendant. Judgment on verdict for costs against plaintiff. From that judgment this appeal is prosecuted.

The only error relied on for reversal is the action of the lower court in overruling appellant's motion for a new trial.

Eight reasons are assigned as causes for granting a new trial under appellant's motion. The first five assigned raise the question of the sufficiency of the evidence to sustain the verdict. The sixth and seventh assigned reasons relate to alleged misconduct of appellee's attorney in his argument to the jury; the misconduct complained of being the use of a magnifying glass by which each juror examined certain signatures, used in evidence as a basis of comparison. The eighth reason relates to the giving to the jury, by the

court, of the following instruction: "Third. Some expert testimony has been introduced in this case and I instruct you that you should consider their testimony the same as that of any other witness. I mean in weighing their evidence. The same rule applies to them that applies to any other witness and they are not entitled to any more credit from the mere fact that they are experts."

Appellee's verified answer, denying the execution of the note as cosurety, placed the burden on appellant of proving, by a preponderance of the evidence, the signature to

1. the note to be that of the appellee. *Brooks* v. *Allen* (1878), 62 Ind. 401; *Pate* v. *First Nat. Bank* (1878), 63 Ind. 254; *Carver* v. *Carver* (1884), 97 Ind. 497; *Wines* v. *State Bank* (1899), 22 Ind. App. 114, 53 N. E. 389; *Pope* v. *Branch County Sav. Bank* (1899), 23 Ind. App. 210, 54 N. E. 835.

There was some evidence tending to show that appellee did not execute the note as cosurety, and this court cannot say that the jury erred in finding that appellant

2. failed to prove, by a preponderance of the evidence, the execution of the note by appellee.

The magnifying glass did that which, in the realm of science, it was intended to perform, viz., it assisted the natural power of the eyes of the jurors to see; and it was not

3. additional evidence in this case. It was not error to permit the jury to use the magnifying glass in examining the signatures. *Short* v. *State* (1878), 63 Ind. 376; *White Sewing Mach. Co.* v. *Gordon* (1890), 124 Ind. 495, 24 N. E. 1053, 19 Am. St. 109; *Morse* v. *Blanchard* (1898), 117 Mich 37, 75 N. W. 93; *Hotch* v. *State* (1879), 6 Tex. App. 384.

The latter part of the third instruction, taken alone, was erroneous. But in this case the court gave other instructions which fully informed the jury as to the law by

4. which it was to measure the credibility of the witnesses and the weight to be given their testimony.

Quoting from *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351, this court said: "It is settled law in this State that instructions are considered with reference to each other, and as an entirety, and not separately or in dissected parts; and if the instructions as a whole correctly and fairly present the law to the jury, even if some particular instruction, standing alone or taken abstractly, and not explained or qualified by others, may be erroneous, it will afford no grounds for reversal. * * * technical errors in the statement of abstract propositions of law, furnish no grounds for reversal when they result in no substantial harm to the defendant, if the instructions, taken together, correctly state the law applicable to the facts. * * * Nor is the giving of an erroneous instruction reversible error when it appears that the substantial rights of the defendant were not prejudiced thereby." See, also, *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; *Boyle* v. *State* (1886), 105 Ind. 469, 5 N. E. 203, 55 Am. Rep. 218; *Deilks* v. *State* (1895), 141 Ind. 23, 40 N. E. 120; *Craig* v. *Frazier* (1891), 127 Ind. 286, 287, 26 N. E. 842; *Newport* v. *State* (1895), 140 Ind. 299, 39 N. E. 926; *Allyn* v. *Burns* (1906), 37 Ind. App. 223, 230, 76 N. E. 636; *Osburn* v. *State* (1905), 164 Ind. 262, 270, 73 N. E. 601; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494.

There being no reversible error in the record, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 711. See, also, under (1) 8 Cyc. 216; (2) 3 Cyc. 348; (3) 38 Cyc. 1311; (4) 38 Cyc. 1782. As to the right of one surety to contribution from another and his remedy to enforce it, see 10 Am. St. 639 and 70 Am. St. 450.