SOMMER METALCRAFT CORPORATION *v.* INDIANAPOLIS MACHINERY CO., INC.

[No. 19,423. Filed January 29, 1962.]

*Harding, Harding & Henthorn,* of Crawfordsville, for appellant.

. *Foley & Berry,* of Crawfordsville, for appellee.

.RYAN, C. J.—The appellee filed its complaint against the appellant alleging in substance that it could secure and sell to the appellant a certain machine on a thirty (30) day sale or return basis, and that the appellant accepted such offer; that the machinery was then shipped to the appellant and that the appellant did not return the machine or tender the machine to the appellee or give notice of its rejection within thirty (30) days; that the appellee had purchased and paid for this machine on the same thirty (30) day sale or return basis and that the cancellation of its purchase and the return of its purchase price has been refused by the appellee's vendor because of the failure of the appellant to return the machine within the thirty (30) day period. A proper answer was filed under Supreme Court Rule 1-3, and the issues being closed, trial was had by the court and a judgment was rendered in favor of the appellee.

Appellant filed its motion for a new trial which contained the specifications that the decision of the court was not sustained by sufficient evidence and that the decision of the court was contrary to law. This motion was overruled, and appellant now assigns as error the overruling of the motion for a new trial.

It seems that the appellee purchased the machine in question from the Horn Machinery Company of Detroit, after receiving a purchase order for such machine from the appellant. The pertinent parts of the correspondence between the appellee and the appellant in regard to such machine are as follows:

"January 30th, 1958

"Sommer Metalcraft,

"Crawfordsville, Indiana

"Dear Sirs: *Attention:—Mr. Ken Hamilton*

"In connection with your requirements for a threading turning pointing or drilling machine, we are pleased to offer the following for your consideration:

"1″ cap CLEVELAND Threading Turning Pointing or Drilling Machine:

Model 'J'—2-spindle double and adjustable hopper type magazine feed Air operated center gripping chuck Chain Drive

3 HP 220-440V 1150 RPM Motor-controls

Max. length of bar that this machine will handle on the basis of pointing both ends of the bar at the same time is 20″—minimum is 1½″

Serial 84330

PRICE, f.o.b., Michigan location . . . $1250.00

The above machine is available for inspection.

"In the event this machine is of interest and you desire additional information, please feel free to call upon us.

"Yours very truly,

"INDIANAPOLIS MACHINERY & SUPPLY CO., Inc.

"J. R. CORYELL (Signed)

"Manager

"Machine Tool Division (Used)"

.  .  .  .  .

"February 19th, 1958

"Sommer Metalcraft

"Crawfordsville, Indiana

"*Attention:—Mr. Ken Hamilton*

"Dear Sirs:

"Supplementing our quotation dated January 30th covering 1″ cap Cleveland threading, turning, pointing or drilling machine, we are pleased to advise that this machine can be supplied on the 30-day guarantee basis and if not found satisfactory within that period, may be returned, freight prepaid, for full credit.

"Awaiting the further opportunity to be of service, we are,

"Yours very truly,
"INDIANAPOLIS MACHINERY & SUPPLY CO., INC.
"J. R. CORYELL (Signed)
"Manager,
"Machine Tool Division (Used)"

. . . . .

"February 27, 1958
"Indianapolis Machinery & Supply Co.
"1959-69 South Meridian Street
"Indianapolis 6, Indiana
"Attention: Mr. J. R. Coryell
"Gentlemen:
"We refer you to previous correspondence concerning the following:
"1—1" Cap Cleveland Threading Turning Pointing or Drilling Machine . . . Model 'J' . . . 2-Spindle double end adjustable hopper type . . . Magazine feed air-operated center gripping chuck chain drive . . . 3 HP 220 V 1150 RPM motor-controls. Maximum length of bar that this machine will handle on the basis of pointing both ends of the bar at the same time is 20" . . . Minimum is 1½". SERIAL NO. 84330.
"This will be your authority to supply this machine to us on the guarantee basis that we may return, freight prepaid, for full credit, if not found satisfactory. Please ship to us via best way, f.o.b. Michigan point.

"Yours very truly,
"SOMMER METALCRAFT CORPORATION
"O. W. SOMMER (Signed)
"O. W. Sommer
"President"

The evidence most favorable to the appellee reflects that the machine was received by appellant on or about March 11, 1958, and was installed in the plating room of the appellant, where it was to be used, around March

18. The appellant tried the machinery, and according to the testimony of Mr. Fred G. Utter, who was plant manager of the appellant, "The decision was made between March 28 and April 16 or 17 that they [appellant] would not accept it." The machine was thus shipped back to the Horn Machinery Company, who in turn advised the appellee that they would not accept it.

Burns' Ind. Sts. Anno. §58-203, Rule 3(1), provides as follows:

"When goods are delivered to the buyer 'on sale or return,' or on other terms indicating an intention to make a present sale, but to give the buyer an option to return the goods instead of paying the price, the property passes to the buyer on delivery, but he may revest the property in the seller by returning or tendering the goods within the time fixed in the contract, or, if no time has been fixed, within a reasonable time."

The contract between the parties specified a time certain, and it would thus seem incumbent under the above rule that the return or tender should be made within such fixed time.

As stated in *Allyn* v. *Burns* (1906), 37 Ind. App. 223, at page 228, 76 N. E. 636, at page 638:

"The contract proved gave the proposed buyer sixty days within which to make a decision to keep or reject the property, and a notice by him to the seller of such decision within that time was sufficient. The buyer was compelled to act within that time if he declined to take it. The time being fixed, it was not a question of reasonable time, . . ."

Appellant cites in support of its contention *Bellefleur* v. *United States Finishing Co.* (1930), 111 Conn. 558, 150 A. 711, 78 A. L. R. 530. However, such case is distinguishable from the present factual situation since

the language used in the contract was of a different nature from that used in this particular case.

Appellant further attempts to assert error in the reception by the trial court of the evidence on the issue of custom and usage of the particular industry. However, the appellant fails to set forth in its motion for a new trial any of the questions, objections, rulings or answers, and therefore fails to present us with any question. Judgment is therefore affirmed.

Judgment affirmed.

Ax, Cooper and Myers, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 769.